## 7236

## STATE v. WINTER.

1. EVIDENCE—PRELIMINARY EXAMINATION.—The written statements of the magistrate of the evidence taken at a preliminary examination is the best evidence of what the accused swore to there.
2. EXCEPTION.—That one accused of crime testifies on the trial to facts admitted in parol as testified to at preliminary examination renders exception on that point unavailing.
3. LARCENY.—Charge here excepted to means nothing more than the law presumes one found in possession of stolen goods to be the thief unless the jury find in the whole case some satisfactory explanation of the possession consistent with his innocence.
4. IBID.—Evidence that like brasses to those found had been stolen from a railway company, that those found were marked with the company's name, that they were more valuable for railroad purposes than for junk, that defendant's only explanation of there being in his possession was he did not know they were in the car he was loading with junk, was sufficient for jury to infer he came by them feloniously.

Before GAGE, J., Richland. Summer term, 1908.

Indictment against E. Winter.  From sentence defendant appeals.

*Mr. Jno. J. Earle* for appellant.    Oral argument.

*Solicitor W. Hampton Cobb* and *Mr. Christie Benet,* contra.    Oral argument.

July 16, 1909.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.    The defendants were convicted at the summer term of the Court of General Sessions for Richland county, under an indictment charging them with the larceny of "certain pieces of brass pertaining to engines and machinery, and certain tools and other appliances," the property of the Southern Railway Company.    Both defendants appealed, but, at the hearing, the appeal of M. Winter was abandoned.

The testimony tended to prove that four pieces, weighing in the aggregate four hundred and twenty pounds, which had been taken from the yards of the Southern Railway Company in Columbia, were found in a car on the Atlantic Coast Line track; that the car had been engaged by E. Winter, who was having it loaded with junk from his shop on Gervais street, in the city of Columbia; that the loading was done for the defendant E. Winter, by the defendant M. Winter and two negroes; that the stolen brass pieces were found at the bottom of the car, covered by other junk and old rags.    Both the defendants swore on the trial that they knew nothing of the brass pieces; that they did not come from E. Winter's shop, and that they were not aware that they were in the car until the officers and detectives found them there.    The negro laborers also testified to their ignorance of the stolen property being in the car, but one of them admitted that on the promise of pay from an officer he immediately went to where the brass pieces were and found them.

The first exception assigned error in allowing the witness, W. M. Morrison, to testify to the statements made by E. Winter, the appellant, at the preliminary hearing.    This is the account, appearing in the record, of the testimony and the objection: "Q. Do you know anything else about this case?    A. We then arrested them, that is the police department arrested them; and E. Winter in the preliminary hearing claim— Mr. Earle: I object to that.    E. Winter did not testify at the preliminary hearing. The Court: Unless he did— Mr. Earle: Did he testify under oath?    A. He certainly did.    He accepted the responsibility, said his brother was working for him.    Q. In loading this car?    A. In the transaction of all the business; that his brother was only employed.    Q. Including the load-- ing of the car?    A. Yes, sir."

The Court expressly held in the case of *State* v. *Branham,* 13 S. C., 396, that parol testimony as to the statements of the accused made at a preliminary is not admissible where the evidence was taken down in writing by the magistrate; the written statement being the best evidence. Passing by the fact that there was no objection to this evidence, on the ground that the written statement taken down by the magistrate was the best evidence, the exception must fail for the stronger reason that the appellant himself admitted the correctness of the statement attributed to him by the witness, Morrison.    He was asked: "Did you say you would take the responsibility for that car?" and answered: "Yes, sir; that's my business; that's my car."    The objection to the evidence of Morrison is not available to appellant as a substantial ground of appeal.

The second exception is as follows: "Because his Honor, the presiding Judge, erred in charging the jury as follows: 'There is a proposition of law to this effect: that where goods have been recently stolen and are found in the possession of another, the law presumes that the party found in possession stole the goods, and the

law fastens guilt upon him unless he can make satisfactory explanation how he came into possession,' the error being that the law does not 'fasten guilt' upon a party found in possession of stolen goods, unless he can explain how he came into possession of them; but his possession of them, coupled with his inability to explain how he got them, merely raises a presumption of guilt, and is not conclusive proof of his guilt, and the said error was prejudicial to the defendants since their possession of the goods was the only evidence tending to connect them with the theft thereof." It would be a forced construction to hold that the expression, "the law fastens guilt," in the connection in which it was used, meant that without respect to the other facts of the case the law conclusively attributes the theft to one in possession of stolen goods, who is unable to explain his possession satisfactorily by direct evidence.

There is conflict of authority as to the weight to be given to the possession of the stolen goods as evidence of larceny. 4 Elliott on Evidence, Sec. 3058. But in this State the law is settled. In *State* v. *Kinman,* 7 Rich., 497, 503, the Court quotes with approval the rule as laid down in 2 East P. C., Sec. 93 : "It may be laid down generally that whenever the property of one man, which has been taken from him without his knowledge or consent, is found upon another it is incumbent upon that other to .prove how he came by it; otherwise, the presumption is that he obtained it feloniously." The force of the presumption was stated in similar language in *State* v. *Bennett,* 3 Brev., 514, and *State* v. *Garvin,* 48 S. C., 258, 26 S. E., 570.

The jury is not required to look for the explanation which removes the presumption to direct evidence; it may be found in the attending circumstances or in the character or habits of the possessor or in any other fact. 1 Greenleaf on Evidence, Sec. 34.

The instruction on this point, alleged to be erroneous, meant nothing more than that the law fastens guilt upon

the possessor of stolen goods, that is, it presumes him to be the thief, unless the jury finds in the whole case, as presented them, some satisfactory explanation of the possession consistent with the innocence of the accused.

There is no foundation for the exceptions alleging that there was no evidence of the theft of the brasses from the Southern Railway Company. There was evidence that like brasses had been stolen from the Southern Railway, and these were marked with the words "Southern Railway," moulded in. They were of value for railroad purposes much beyond the mere material in them, and yet they were found in a car which the defendant was loading with junk. The defendant's only explanation was that he did not know the brasses were in the car. Whether this explanation was credible under all the circumstances was a question for the jury.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.