## 12286

### HARRISON *ET AL.* v. CAUDLE *ET AL.*

### (139 S. E., 842)

1. MANDAMUS—ASSIGNMENT OF ERROR IN REFUSAL TO PERMIT JUDG-
MENT DEBTOR TO SET UP CERTAIN DEFENSES TO MANDAMUS PROCEED-
ING AGAINST SHERIFF HELD TOO GENERAL.—In mandamus proceed-
ing to compel Sheriff to arrest judgment debtor pursuant to exe-
cution issued by Clerk of Court, assignment that Court erred in
failing to permit judgment debtor to set up certain defenses and
to have the same adjudicated at such mandamus hearing *held* too
general.

2. HOMESTEAD—APPRAISERS SETTING APART HOMESTEAD TO JUDGMENT
DEBTOR CANNOT MAKE ANY ALLOWANCE ON ACCOUNT OF INCUM-
BRANCES.—Appraisers, appointed to set apart homestead to debtor
out of property on which execution has been levied, can take no
notice of any mortgages or other lien, nor make any allowance
therefor.

3. MANDAMUS—JUDGMENT DEBTOR APPEALING FROM ORDER IN MAN-
DAMUS PROCEEDING REQUIRING SHERIFF TO ARREST HIM PURSUANT TO
BODY EXECUTION HELD NOT ENTITLED TO REMAND OF CASE FOR HEAR-
ING OF DEFENSES, WHICH MIGHT HAVE BEEN PREVIOUSLY ASSERTED.
—Judgment debtor appealing from order in mandamus proceeding
requiring Sheriff to arrest him pursuant to execution issued against
his body by Clerk of Court after execution against the property
of such debtor had been returned *nulla bona held* not entitled to have
case remanded to permit him to make defenses against the judg-
ment and execution thereon, which might have been, but were not
made in the mandamus proceeding except by general and insuffi-
cient statements.

4. CONSTITUTIONAL LAW—EXECUTION—STATUTE AUTHORIZING EXECU-
TION AGAINST BODY OF JUDGMENT DEBTOR, BUT EXEMPTING FE-
MALES FROM ARREST, HELD NOT CLASS LEGISLATION (CODE CIV. PROC.
1922, § 442).—Code Civ. Proc. 1922, § 442, authorizing execution
against the body of a judgment debtor, but exempting females
from arrest, *held* not unconstitutional as discriminatory class leg-
islation, notwithstanding statutes increasing women's rights.

5. CONSTITUTIONAL LAW—EQUAL PROTECTION CLAUSE IS NOT VIOLATED
BY CLASSIFICATION RESTING ON SOME DIFFERENCE BEARING REASON-
ABLE RELATION TO ACT MAKING CLASSIFICATION (CONST., ART. 1, §
5).—Equal protection of the laws, guaranteed by Const., Art. 1, §
5, is not violated, where there is a classification which rests on some
difference which bears a reasonable and just relation to the Act in
respect to which the classification is proposed.

6. CONSTITUTIONAL LAW—"EQUAL PROTECTION" CLAUSE GUARANTEES
   ONLY PROTECTION ENJOYED BY OTHER PERSONS OR CLASSES IN SAME
   PLACE AND UNDER LIKE CIRCUMSTANCES (CONST., ART. 1, § 5).—The
   "equal protection" clause of Const., Art. 1, § 5, simply means that
   no person or class of persons shall be denied the protection of the
   laws which is enjoyed by other persons or other classes in the same
   place and under like circumstances (citing Words and Phrases,
   "Class Legislation").

7. MANDAMUS—FAILURE OF JUDGMENT CREDITOR OBTAINING EXECUTION
   AGAINST BODY OF JUDGMENT DEBTOR TO DEPOSIT JAIL FEES HELD NOT
   GROUND FOR COMPLAINT BY JUDGMENT DEBTOR (CODE CIV. PROC.
   1922, § 817).—Failure of judgment creditor obtaining execution
   against the body of judgment debtor to deposit jail fees required
   by Code Civ. Proc. 1922, § 817, *held* not available to judgment
   debtor as defense to mandamus proceeding against Sheriff to com-
   pel arrest.

Before MAULDIN, J., Greenville, July, 1926.   Affirmed.

Mandamus proceeding by Isabella Harrison and another against the Sheriff of Greenville County to compel the arrest of G. R. Caudle pursuant to a body execution issued by the clerk of the Court, wherein G. R. Caudle and another filed a petition, which was taken as a return to rule to show cause. From an order directing the sheriff to make the arrest, G. R. Caudle and another appeal.

The following exceptions were duly served upon counsel for respondents:

I. Because his Honor Judge T. J. Mauldin erred in refusing and failing to permit appellant to set up certain rights and have the same fully adjudicated at the mandamus hearing, said rights being very obvious to his Honor after fully reviewing the history of the case.

II. Because his Honor erred in refusing and failing to adjudicate the question as to whether the Sheriff of Greenville County had a legal right to arrest and confine appellant to the county jail, under a body execution. It being respectfully submitted that if his Honor had carefully considered the question of the sheriff first resorting to the personal and real property of both judgment debtors in order

to satisfy an alleged judgment obtained 10 years prior thereto and an alleged revived judgment, before resorting to body execution against G. R. Caudle, he would have been forced to the conclusion that the body execution was not in order, irregularly brought, illegal, null, and void.

III. That his Honor erred in holding that the affidavit of C. R. Bramlett, deputy sheriff, was sufficient to overcome the verified petition or return of G. R. Caudle, and was sufficient to set aside said return and to warrant the Court in passing an order compelling the sheriff to proceed with the arrest of defendant Caudle. It being respectfully submitted that if G. R. Caudle did make a statement, not under oath, to said Bramlett to the effect that his property was all heavily mortgaged, the Court should have considered said verified petition or return of said G. R. Caudle, and dismissed the rule to show cause against the sheriff, and ordered the latter to make full investigation of the holdings of both judgment debtors, and then proceed against the property, both personal and real, at which time appellant and his wife could have availed themselves of the opportunity to have said judgment set aside on account of irregularities, etc.; that by refusing to do so, his Honor deprived appellants of certain rights to which they were entitled.

IV. Because his Honor erred in considering the affiadvit of C. R. Bramlett, deputy sheriff, and in ignoring the fact that Olla Smith Caudle had made no statement to any one in reference to her holdings, and in ignoring the fact she was jointly liable with her husband for the payment of said judgment, if said judgment was or is legal, and that her property, personal and real, should have been levied upon to satisfy said judgment before body execution against G. R. Caudle should issue.

V. Because the Court erred in ruling that the *nulla bona* return of the sheriff was sufficient to show that neither judgment debtor held or owned sufficient property which could be subjected to levy and sale to satisfy said judgment. It

being respectfully submitted that the law governing *nulla bona* returns by sheriffs was not followed or complied with in this instance.

VI. Because the Court erred in refusing to hold and declare the statute under which execution against the body was issued in this case was unconstitutional, null, and void. It being respectfully submitted that said statute is unconstitutional, null, and void, for the reason that it is discriminatory and class legislation, in that said statute exempts females from arrest.

VII. Because the Court erred in failing to dismiss the rule to show cause when the petition and records failed to disclose the fact that Section 817 of the Code had been complied with by respondents, in reference to deposit of jail costs by respondents, which is a condition precedent before appellant could be confined to the county jail.

VIII. Because the Court erred in failing to dismiss the rule to show cause for reasons set forth in paragraph 6 of the petition or return.

*Mr. H. P. Burbage,* for appellants, cites: *Execution against body; when issued:* Sec. 608, Code. *How judgment debtors may be dealt with:* Title 7, Code. *Females cannot be arrested:* Sec. 422, Code. *Deposit of jail costs condition precedent before appellant could be confined in jail:* Sec. 817, Code.

*Messrs. H. K. Townes* and *Wilton H. Earle,* for respondents, cite: *Defendant may be arrested in a civil action for an injury to person of plaintiff caused by negligence of defendant:* Sec. 442, Code; 128 S. C., 318; 104 S. C., 81. *Payment of jail fees not a condition precedent to confinement:* Sec. 817, Code.

October 13, 1927.

The opinion of the Court was delivered by MR. ACTING JUSTICE R. O. PURDY.

Judgment was obtained by the respondents against the appellants on June 14, 1916, in an action which grew out of an automobile collision. Upon a summons issued by an order dated June 16, 1926, Judge Mauldin presiding, the Court renewed and revived the judgment, with leave to forthwith enter up a new judgment, including interest and costs, and to issue execution thereon.

Reciting these facts, an execution was issued against the property of the appellants on June 16, 1926. This execution was returned *nulla bona* by Sheriff Willis, whereupon the respondents procured an execution to be issued by the clerk of Court of Greenville County against the body of G. R. Caudle, one of the defendants, commanding the sheriff of Greenville County that:

He "do immediately take into custody the person of G. R. Caudle, confine him, and safely keep him in the county jail for Greenville County, S. C., until he pays the judgment of $850, with interest from June 16, 1926, together with all costs that at that time may be due, or until he is otherwise discharged by law."

The sheriff refused to make the arrest, whereupon the respondents, by their petition to the Court of Common Pleas for that County, recited the foregoing facts, prayed the Court for an order that the sheriff be required to arrest and confine G. R. Caudle in the county jail, and that the sheriff do whatever is commanded him by the clerk of the Court of Common Pleas for Greenville County under the order of arrest.

This petition is supported by the affidavit of C. R. Bramlett, deputy sheriff of the County, who stated that he took the execution to G. R. Caudle and was told by Caudle "that the same was not good, inasmuch as the property of the defendants was heavily mortgaged; the said G. R. Caudle told deponent that he had certain realty and personalty, all of which was mortgaged, and a judgment could not be made

out of same," whereupon, this being reported to the sheriff, a *nulla bona* return was made.

On hearing this petition and affidavit, Judge Mauldin issued a rule to show cause against Sheriff Willis, why a writ of mandamus, as prayed for, should not issue, and requiring a copy of the order and petition to be served on the respondents.

It appears from the argument in the case that the sheriff did not file a written return, but appeared at the hearing. Caudle appeared by his attorney and filed a petition, which was taken as a return. In that petition, he sets forth, among other things, that he had certain rights which should be adjudicated before Judge Mauldin in the mandamus proceedings, and he prayed that he might be permitted to set up such rights and have the same adjudicated at the hearing. He alleges in his petition that the sheriff has no right or authority to arrest and confine him in the county jail under the execution, because both the petitioner and his wife, the co-defendant, own real estate of the value of $10,000, and that he owns about $1,000 worth of personal property in his own right, unincumbered except to the extent of $1,200 on the land, claiming that execution cannot issue against his person until the real estate and personal property of himself and his wife are exhausted; that the return by the sheriff was an honest mistake; and that the Court should order a further investigation as to the holdings of himself and his wife, before resorting to execution against the body of the petitioner.

The petition further alleges that the execution under which the body of the petitioner is sought to be held is unconstitutional, "in that said statute exempts females from arrest"; that since women are given full rights, the same as men, the statute is a nullity and unconstitutional, and he asks that the Court so declare. "That petitioner verily believes and has been informed that he has a meritorious defense, should the judgment creditors attempt to issue exe-

cution against the real and personal property of petitioner and his wife, and the petitioner therefore respectfully petitions the Court to dismiss the rule to show cause in the mandamus proceedings served upon the sheriff, to declare the execution against his body a nullity and unconstitutional, and that the sheriff be commanded and ordered to make further investigations as to petitioner's holdings, both as to realty and personalty, and that of his wife, his co-judgment debtor, and that petitioner then be allowed to contest the right of the judgment creditors and the sheriff to proceed with execution against their property."

Upon hearing the matter, Judge Mauldin adjudged:

"Upon due consideration of the petition and the prayer thereof, and the record before me and the matters presented to the Court, it is ordered that the respondent, as sheriff of Greenville County, S. C., do forthwith carry into execution the order of the clerk of this Court, issued on June 25, 1926,"

—whereupon, on application to his Honor, Judge Watts, now Chief Justice, an order of supersedeas was obtained, staying the matter until the case could be heard by this Court.

It is now before this Court on a number of exceptions, which will be reported.

The first exception is too general.

The second exception sets forth that if Judge Mauldin had carefully considered the duty of the sheriff to resort, first, to the property of the debtors to satisfy the judgment, he would have been forced to the conclusion that an execution against the person of Caudle "was not in order, irregularly brought, illegal, null, and void"; taking the further position, by exception 3, that there was error in holding that the affidavit of Bramlett, the deputy sheriff, was sufficient to overcome the verified petition or return of Caudle, is sufficient to set aside return and to warrant the Court in ordering the sheriff to arrest the person of Caudle; and, fur-

ther, by exception 4, ignoring the fact that Mrs. Olla Caudle was jointly liable with her husband, and, if the judgment were legal, that her property was also liable for its payment, and, by exception 5, that the *nulla bona* return in this case was not made in the manner required by law, and was not sufficient to show that the judgment debtors did not have sufficient property the subject of levy and sale to satisfy the judgment.

All of these matters were considered by Judge Mauldin and were passed upon by him. He deemed the return insufficient and adjudged that the execution against the person of G. R. Caudle should be put into effect.

While it is manifest from the affidavit of Bramlett that the sheriff might have gone further, the sheriff accepted the statements made by the defendant Caudle that there was nothing to levy upon, and made a *nulla bona* return.

We think it is a matter of common knowledge that there is a generally prevalent impression to the effect that, if real estate is under mortgage and there is a judgment against the mortgagor and it is doubtful if the property will bring more than the mortgage debt, the duty of the sheriff is discharged by making a *nulla bona* return. The impression sometimes prevails also that, where property is under mortgage, an allowance must be made for this in setting apart a debtor's homestead, whereas, as a matter of law, well known amongst the members of the bar, and which ought to be known to all the other officers of the Court, a sheriff proceeds to have the homestead set apart to the debtor and sells property regardless of incumbrances. The appraisers appointed to set apart homestead cannot take any notice of any mortgages or other liens.

This Court does not mean to decide that it would not have the power to remand a case of this kind to the Circuit Court for the purpose of having an erroneous return corrected, but in this case it has nothing to go upon except the general statements of the debtor, Caudle.

It is suggested to the Court that, if the case be remanded, he will have a perfect defense against the judgment and any execution that might be sought to be enforced. He had his opportunity when the summons to revive and renew was served upon him, and stood silent; he had his opportunity to do so when he filed the petition accepted as a return in this case, and contended himself with saying that he and his wife jointly owned "about" $10,000 worth of real estate and $1,-000 of personal property, against which there was a mortgage of $1,200 "or thereabouts," and no other liens or incumbrances against his personal property.

These are general statements, unsupported with any particular statement of the property, where situated, in whose custody, and giving Judge Mauldin no opportunity to test the value of such statements. Therefore, if the Court should send the cause back to the Circuit Court for the purpose of having the sheriff again make a return, it would be giving the defendant Caudle an opportunity to make statements which he had an opportunity to make before Judge Mauldin, delaying the doing of justice in the case and with notice that other issues which might have been raised, and were not raised, would be injected in the case, causing further delay.

In these circumstances, the Court is not minded to disturb the judgment of Judge Mauldin. It could work no great hardship to the defendants, if they have so much property, to pay the judgment and escape the consequences of the execution against the person of Caudle.

The sixth exception imputes error to Judge Mauldin in refusing to hold that the statute under which execution was issued against the person of Caudle is unconstitutional and void, as being discriminatory class legislation, in that such statute exempts females from arrest (Code Civ. Proc. 1922, § 442).

The equal protection of the laws guaranteed by the Constitution (Art. 1, § 5) is not violated where there is a classification which rests upon some difference

which bears a reasonable and just relation to the act in respect to which the classification is proposed. It simply means that no person, or class of persons, shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances. *Johnson v. Spartan Mills,* 68 S. C., 339; 47 S. E., 695; 1 Ann. Cas., 409. See, also, discussion of the subject in 2 Words and Phrases, page 1217 and following. The statutory enactment complained of does not make any distinction of persons in the same class, in exempting women from arrest.

        The seventh exception complains of error because no jail fees were deposited. This can in no wise affect the defendant Caudle. If the sheriff should decide to keep him without charge, he could not complain, and the sheriff has the remedy, in case the charges are not paid, to refuse to keep the debtor as is provided by the statute. Code of Civil Procedure, Vol. 1, § 817.

Exception 8, as has been seen, alleges error in that the Court erred in failing to dismiss the rule to show cause, for reasons set forth in paragraph 6 of the petition or return. It is interesting to note this paragraph, and we again refer to it. The judgment debtor, Caudle, says that he verily believes and is informed that he has a meritorious defense, should the judgment creditors attempt to issue execution against the real and personal property of petitioner and his wife, and he therefore respectfully petitions the Court to dismiss the rule to show cause in the mandamus proceedings served upon the sheriff, to declare the execution against his body a nullity and unconstitutional, and that the sheriff be commanded and ordered to make further investigations as to petitioner's holdings, both as to realty and personalty, and that of his wife, his co-judgment debtor, and that the petitioner *then be allowed to contest the right of the judgment creditors and the sheriff to proceed with the execution against their property.*

This judgment debtor had the opportunity to test the value of his information and his belief, and to make his defense before Judge Mauldin on his petition, and having failed to do so, having had his day in Court he cannot now complain, as the Court will not give an opportunity to consider a matter which might have been considered when the matter was before the Circuit Court.

The defendant Caudle has not shown that he was not then in possession of all the information of which he says he wishes to avail himself if the case be sent back to the Circuit Court.

It follows, therefore, that all exceptions must be and they are overruled, the order of Judge Mauldin, appealed from, is affirmed, the order of supersedeas is set aside, and the case is remanded to the Circuit Court of Greenville County, with instructions to the sheriff of that County to carry out the mandates of the order of arrest made by Harry A. Dargan, as clerk of Court of Greenville County, of date June 25, 1926.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.