### MEANS *ET AL.* v. STATE HIGHWAY DEPARTMENT OF SOUTH CAROLINA

#### (143 S. E., 360)

1. CONSTITUTIONAL LAW—PRESUMPTION FAVORS CONSTITUTIONALITY OF STATUTE AND ITS INVALIDITY MUST BE SHOWN BEYOND REASONABLE DOUBT.—To declare a statute unconstitutional, its invalidity should be shown beyond a reasonable doubt, and every presumption must be indulged in favor of its constitutionality.

2. STATUTES—CONSTITUTIONAL MANDATE IS COMPLIED WITH IF TITLE STATES GENERAL SUBJECT OF LEGISLATION AND BODY PROVISIONS ARE GERMANE THERETO (CONST. ART. 3, § 17).—Mandate of Const. Art. 3, § 17, providing that every Act or Resolution shall relate to but one subject, which shall be expressed in its title, is complied with if the title states the general subject of legislation, and provisions in the body of the Act are germane thereto as means to accomplish objects expressed in the title.

3. STATUTES—STATUTE ENTITLED "AN ACT TO ESTABLISH THE LOCATION OF SECTIONS OF STATE HIGHWAY NO. 2 IN GREENVILLE AND PICKENS COUNTIES" HELD TO SUFFICIENTLY EXPRESS SUBJECT IN TITLE (ACT FEB. 20, 1928 [35 ST. AT LARGE, P. 1880]; CONST. ART. 3, § 17).—Act 1928 entitled "An Act to establish the location of sections of State Highway No. 2 in Greenville and Pickens Counties," which in body thereof establishes, creates, confirms, and ratifies locations of sections of highway involved and authorizes highway department to proceed with construction and to award further contracts *held* not violative of Const., Art. 3, § 17, requiring Acts to relate to but one subject, which shall be expressed in title.

In the original jurisdiction, October, 1927.   Petition dismissed.

Original action in the Supreme Court by J. E. Means and others against the State Highway Department of South Carolina.

*Mr. B. F. Martin,* for petitioners, cites: *Statutory power of State Highway Department:* 33 Stat., 1206, 1209; 35 Stat., 280; 134 S. C., 402. *"Relocate":* 189 Mass., 308; Elliott on Roads, Sec. 454; 84 N. W., 241; 36 Pac., 535; 41 Pac., 3; 7 Mass., 158; 25 Pac., 291; 37 Cyc., 159, note 22. *As to right of counties to intervene and move for bond:* 20 R. C. L., 682, 683; 123 A. S. R., 281; Sec. 365, Code Proc. not applicable. *A person has no right to intervene as defendant in equity against the objection of the complainant:* Pom. Code Rem., Sec. 411; 48 Fed., 360; Daniel Ch. P. & Pr., 287; 23 L. R. A., 531; 34 So., 569. *Cases distinguished:* 134 S. C., 375; 126 S. C., 378. *Failure of State Highway Department to demand bond amounted to waiver of such right:* 20 R. C. L., 692.

*Attorney General John M. Daniel,* and *Assistant Attorney Generals Cordie Page* and *J. Ivey Humphreys,* for respondent, State Highway Department, cite: *"On route":* 112 Pac., 176; 121 N. W., 518; 29 Cyc., 1484. *Power of Highway Commission to locate roads:* 134 S. C., 402.

*Mr. Oscar K. Mauldin,* for respondent, Greenville County, cites: *Cases distinguished:* 134 S. C., 412. *Authority of State Highway Department in the matter of relocation of roads:* 35 Stat., 171; Sec. 3054, Code; 25 R. C. L., 1047; 61 S. C., 33; 86 S. C., 407; 137 S. C., 369; 10 R. C. L., 40; 77 S. C., 357; 110 S. C., 324; 136 S. C., 371.

*Messrs. W. E. Findley,* and *Blythe & Bonham,* for resopndent, Pickens County.

May 17, 1928.

The opinion of the Court was delivered by Mr. Justice Stabler.

Among the routes directed by the Act of 1924 (33 Stat., 1193), known as the "Pay-As-You-Go" Act, to be taken over by the State Highway Department for construction and maintenance, in Greenville County, is the route, "From Pickens County line northeasterly on Routes Nos. 2 and 8 by way

of Greenville, Taylor and Greer to the Spartanburg County line"; and in Pickens County, "From Greenville County line westerly on Route No. 2 by way of Easley, Liberty, Norris, Central and Calhoun to the Oconee County line."

In 1927 the Highway Department awarded contracts for the construction of a highway between the City of Greenville and the Town of Easley, which the department claimed to be a relocation of Route 2, designated in the 1924 Act to be built and hard-surfaced between these two points. The petitioners then brought this action in the original jurisdiction of the Court, to restrain the defendant from constructing the proposed substituted highway for the one named in the Act; their contention being that the Highway Department was without legal authority to make the proposed substitution.

At the 1928 session of the Legislature, no decision having yet been rendered by the Court, an Act was passed, the purpose of which was, as stated in its title, "to establish the location of sections of State Highway No. 2 in Greenville and Pickens Counties." The petitioners now raise the question of the constitutionality of this Act and have asked the Court to pass upon it in this action.

The Act is as follows:

"An Act to establish the location of sections of State Highway No. 2 in Greenville and Pickens Counties.

"Section 1. Be it enacted by the General Assembly of the State of South Carolina: The road from Greenville to Clemson College, designated in Act No. 731, Acts of 1924, for hard-surfacing, is hereby located for construction as follows: From Greenville to Easley the route established by the State Highway Department lying wholly on the south side of the Southern Railway main line track, and more particularly described on plans of the State Highway Department dated August 29, 1927; from Easley to Liberty the route to be followed is that already graded following plans of the State Highway Department dated June 8, 1926;

from Liberty to Central the road is to follow such location as the State Highway Department may establish regardless of any route or location that may have been heretofore laid out, marked or designated as State Highway No. 2; from Central to Clemson College the location is established to follow the pavement already constructed by the State Highway Department.

"Sec. 2. The State Highway Department is hereby specifically authorized to proceed with the construction of the above-described road pursuant to construction contracts already awarded, and to award further construction contracts as in its judgment may be required in order fully to complete the construction of the road.

"Sec. 3. All Acts or parts of Acts inconsistent with the provisions of this Act be, and the same are hereby repealed.

"Sec. 4. This Act shall take effect immediately upon its approval by the Governor." (35 Stat. at Large, p. 1880).

The petitioners challenge the constitutionality of the Act upon one ground only. Their contention is that the subject of the Act is not expressed in the title, and in this respect the Act violates Section 17 of Article 3 of the Constitution, which provides that—

"Every Act or Resolution having the force of law shall relate to but one subject, and that shall be expressed in the title."

In passing upon the constitutionality of a statute, the Court will keep in mind certain well-established principles. In the case of *McKiever v. City of Sumter,* 137 S. C., 266; 135 S. E., 60, it was said:

"This Court has repeatedly held, in line with general authority, that, in order to declare a statute unconstitutional, its invalidity should be shown beyond a reasonable doubt, and that every presumption must be indulged in favor of the constitutionality of the Act. *Poulnot v. Cantwell,* 129 S.

C., 171; 123 S. E., 653.   *Battle v. Willcox,* 128 S. C., 500; 122 S. E., 516.   *Santee Mills v. Query,* 122 S. C., 158; 115 S. E., 202.   *Powell v. Hargrove* [136] S. C., [345], 134 S. E., 380."

In *Verner v. Muller,* 89 S. C., 117; 71 S. E., 654, with respect to the above-quoted provision of the Constitution, the Court had this to say:

"The mandate of the Constitution is complied with if the title states the general subject of legislation, and the provisions in the body of the Act are germane thereto as means to accomplish the objects expressed in the title.    *Conner* [*Connor*] *v. Railroad,* 23 S. C., 327 [427].   *State v. O'Day,* 74 S. C., 448; 54 S. E., 607."

On this point, see, also, *McKiever v. City of Sumter, supra,* and authorities cited therein.

Applying the well-known principles of construction laid down by the numerous authorities, we think that the petitioners have failed to show beyond a reasonable doubt that the Act, for the reason stated by them, is invalid.   At the time of the passage of the statute, the question of the power and authority of the State Highway Department to substitute the proposed highway for Route 2, between the City of Greenville and the Town of Easley, was in litigation.   The Legislature, in view of this situation, passed the Act in question for the purpose of establishing beyond dispute the location of sections of Route 2 in the counties of Greenville and Pickens.

We find, upon examination of the body of the Act, that Section 1 does no more than establish—create, confirm, ratify—the location of the sections of the highway affected between the City of Greenville and Clemson College.   This is clearly within the terms of the title of the Act.   It is also apparent that, as the construction of a highway is incidental in its establishment, the provisions of Section 2 of the Act are clearly apposite and germane to the general subject expressed in the title.

As the Court holds the Act to be constitutional, the questions raised here by the petitioners before its enactment, affecting the power and authority of the State Highway Department to build the proposed substituted highway between the City of Greenville and the Town of Easley, are rendered academic.

The judgment of this Court is that the petition be dismissed.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease and Carter concur.