14190

STATE v. BROWN

(182 S. E., 838)

*Messrs. Wolfe & Fort,* for appellant,

*Mr. Samuel R. Watt, Solicitor,* for the State.

December 11, 1935.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

At the March, 1935, term of the Court of General Sessions for Cherokee County, the grand jury returned a true bill against H. M. Brown, the treasurer of said county, charging him with the statutory crime of embezzlement; said indictment in substance reading as follows: "That the said H. M. Brown, did willfully and unlawfully embezzle certain public funds, that is to say, the said H. M. Brown being at the times alleged, treasurer of the County of Cherokee, State of South Carolina, did then and there, take and

appropriate said public funds while being intrusted with their safekeeping, transfer and disbursement; that he did thereby willfully, unlawfully and feloniously embezzle the same with fraudulent intent and with intent to cheat the county of Cherokee, on the 14th day of December, 1934, and on divers days since the said 14th day of December, 1934, in the aggregate of approximately $1,400.00, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

Appellant was indicted under Section 1510, Criminal Code of South Carolina, 1932, as amended in 1934 by Act of the General Assembly (38 St., at Large, p. 1197, § 1); the said Act, as amended, reading as follows:

" 'Section 1510. All officers and other persons charged with the safe keeping, transfer and disbursements of any public funds, who shall embezzle the same, shall be deemed guilty of felony, and, upon conviction thereof, shall be punished by fine and imprisonment, in the discretion of the Court; said fine and imprisonment to be proportioned to the amount of the embezzlement; and the party convicted of such felony shall be disqualified from ever holding any office of honor or emolument in this State: *Provided, however,* that the General Assembly, by a two-thirds vote, may remove the disability upon payment in full of the principal and interest of the sum embezzled. In trials under this Section, upon production of evidence tending to prove that any such officer or other person has received public funds and failed to account therefor as required by law, there shall· arise a presumption that the funds received and unaccounted for have been fraudulently appropriated by such officer or person, and the burden at such stage of the case shall rest upon such officer or person to show otherwise.'

"§ 2. All Acts or parts of Acts inconsistent herewith are hereby repealed."

At the subsequent July term of said Court for said county, after due notice, a motion to quash, or a demurrer to the

indictment, was interposed on behalf of the appellant; said motion to quash or demurrer raising the objection that it appeared upon the face of said indictment: "(1) That the Court has no jurisdiction of the person of the defendant, or of the subject-matter of the charge against the defendant; and (2) upon the further ground that it appears upon the face of said Indictment, that it does not state facts sufficient to constitute the offence of Embezzlement under the law. * * * "

It is then set out in detail that the effect of said amendment, as passed in 1934, to said statute, was to render said statute violative of the South Carolina Constitution and of the Constitution of the United States. That it was in violaion of the South Carolina Constitution, in that it takes from appellant his liberty, or attempts to take from him his liberty, without due process, in that it denies to him the right of trial by jury of one of the essential elements of the alleged crime of embezzlement, to wit, fraud and intent to cheat, contrary to provision of Article 1, § 5, contrary to provision of Article 1, §§ 18 and 25, respectively, and to provision under Section 18 that the defendant be confronted with witnesses against him. That said statute as amended violates the due process clause of said Constitution, and specifically violates Section 17, Article 1, thereof, in that it assumes or presumes a probative and culpable fact essential to establishing the crime of embezzlement, and thereby shifting the burden upon the appellant to rebut said assumption or presumption, which would force appellant upon the stand as a witness, subject to cross examination, and, as such, force him to be a witness against himself.

That the statute as amended is discriminatory in that it violates the equal protection of the law's provision of Section 5, Article 1, of the State Constitution. That the Act, as amended, by assuming a probative and culpable fact essential to his conviction, forces defendant to take the stand against himself, violates the "Due Process" clause of the Constitu-

tion, and deprives him of his constitutional right of trial by jury, right of equal protection of the laws, right to be confronted by the witnesses against him, and the constitutional right of a fair and impartial trial; and that the statute as amended presumes a fraudulent intent on the part of appellant upon the production of evidence tending to show that he had received public funds and failed to account for them as required by law; fraudulent intent being an essential element of the crime of which no proof is required. The same questions are raised under the Federal Constitution and the amendments thereto.

The demurrer was heard by the presiding Judge, Honorable Marvin M. Mann, who thereafter rendered his order, the pertinent portion of which is quoted: "After hearing argument, it is ordered, that the demurrer (or Motion to Quash the indictment), be, and it is hereby, overruled. Realizing the gravity of the situation however, I deem it important and advisable that the questions raised be definitely determined by the appellate Courts before further prosecution under said indictment or any amendment, or substitute indictment therefor, and this ruling therefore is without prejudice to the defendant to appeal, if he be so advised."

From this order the appellant appealed to this Court, recognizing the rule of the Court not to entertain an appeal until final judgment has been rendered. However, the State is willing and even anxious to have the questions as to the validity of the statute determined, and has joined in the request that the appeal be heard. Accordingly, this Court has undertaken the construction of the statute, but the members of the bar are advised not to construe or take as a precedent this instant case as abrogating in any particular the rule that an appeal will not be considered until final judgment.

The appellant has excepted to the order of Judge Mann in seven particulars, which exceptions, as stated by appellant, raise the following questions:

"Is the Act of the General Assembly, approved February

5th, 1934, and replacing Section 1510 of the Criminal Code 1932, constitutional?

"Does it safeguard to the defendant H. M. Brown his constitutional rights of 'due process,' 'fair and impartial trial,' 'equal protection of the laws,' 'of having the probative facts of the case against him, submitted to a jury,' 'of requiring that the State prove the criminal charge against him, beyond a reasonable doubt?' Is he clothed with the presumption of innocence, or is he afflicted with the presumption of guilt? Is the burden on the prosecutor to prove his case, or is it incumbent upon the defendant to shoulder the burden of proving his innocence of the charge? Does the Statute abridge the privileges and immunities of the accused, under the Federal constitution, and under the constitution of the State of South Carolina? He has a right if he so elects, not to go on the stand as a witness at all. Does the statute under which he is charged here, protect this privilege, or does it abridge this privilege? He has a right to be confronted by the witnesses against him. Does the statute under which he is charged, assure him of this right or does it presume his guilt without the production of witnesses to prove it? Is the statute discriminatory? Does it not materially alter the procedure of the trial in the case of one who stands as he does, charged with the crime of Embezzlement, from that which obtains in cases where the accused is charged with larceny, breach of trust with fraudulent intent, or other like crimes?"

The indictment itself is correct in its allegations, stating all the essential elements of the offense of embezzlement, so, therefore, it is not the indictment that is at issue, but it is the statute upon which the indictment is based.

Embezzlement was unknown in the common law and is an offense purely of statutory origin. It is defined in Black's Law Dictionary, quoted with approval in *State v. Alexander,* 140 S. C., 325, 138 S. E., 835, 838, as:

" 'The fraudulent appropriation to his own use or benefit of property or money intrusted to him by another, by a

clerk, agent, trustee, public officer, or other person acting in a fiduciary character.'

"Reading our statute, with Mr. Black's definition in mind, it appears, then, that our legislative enactment, succinctly stated, makes it a felony for one charged with the safe-keeping and disbursement of public funds to fraudulently appropriate to his own use or benefit any of the funds intrusted to him." *State v. Alexander, supra.*

Does the legislative enactment, that there shall arise a presumption that funds received and unaccounted for have been fraudulently appropriated, contravene any section of the Constitution of South Carolina or of the United States? By such presumption is the appellant deprived of life, liberty, and property without due process of law, or denied the equal protection of the laws?

Due process of law requires that a person shall have a reasonable opportunity to be heard before a legally-appointed and qualified impartial tribunal before any binding decree, order, or judgment can be made affecting his rights to life, liberty, or property.

No precise definition of the phrase "Due Process of Law" can be given, yet, the Courts have frequently defined the phrase in general terms, and this Court in *State v. Gossett,* 117 S. C., 76, 108 S. E., 290, 293, 16 A. L. R., 1299, has approved the following definitions of "Due Process of Law":

" 'Due process of law requires judicial investigation and determination of the rights.' *Ex parte Tillman,* 84 S. C., 552, 562, 66 S. E., 1049, 26 L. R. A. (N. S.), 781.

" 'In the due course of legal proceedings, according to those rules and forms which have been established for the protection of private rights.' *Kenard v. Louisiana,* 92 U. S., 480, 23 L. Ed., 478.

" 'They then mean a course of legal proceedings according to those rules and principles which have been established in our systems of jurisprudence for the protection and en-

forcement of private rights. To give such proceedings any validity, there must be a tribunal competent by its Constitution—that is, by the law of its creation—to pass upon the subject-matter of the suit.' *Pennoyer v. Neff*, 95 U. S., 714, 24 L. Ed., 565.

" 'In all cases, that kind of procedure is due process of law which is suitable and proper to the nature of the case, and sanctioned by the established customs and usages of the courts.' *Ex parte Wall*, 107 U. S., 265, 2 S. Ct., 569, 27 L. Ed., 552.

" 'The clause in question means, therefore, that there can be no proceeding against life, liberty, or property, which may result in the deprivation of either, without the observance of these general rules established in our system of jurisprudence for the security of private rights.' *Hagar v. Reclamation Dist.*, 111 U. S., 701, 4 S. Ct., 663, 28 L. Ed., 569.

" 'Law, in its regular course of administration through courts of justice, in due process, and, when secured by the law of the state, the constitutional requisition is satisfied.' *Caldwell v. Texas*, 137 U. S. [691], 692, 11 S. Ct., 224, 34 L. Ed., 816.

"And due process is so secured by laws operating on all alike, and not subjecting 'the individual to the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice.' *Bank of Columbia v. Okely*, 4 Wheat., 235, 4 L. Ed., 559.

" 'It follows that any legal proceeding enforced by public authority, whether sanctioned by age and custom, or newly devised in the discretion of the legislative power, in furtherance of the general public good, which regards and preserves these principles of liberty and justice, must be held to be due process of law.' *Reetz v. Michigan*, 188 U. S., 505, 23 S. Ct., 390, 47 L. Ed., 563."

"Due process of law in a criminal case requires a law creating or defining the offense, a court of competent jurisdic-

tion, accusation in due form, notice and opportunity to answer the charge, trial according to the settled course of judicial proceedings, and a right to be discharged unless found guilty. However, no particular form of procedure is required, and where the conditions just enumerated are fulfilled, there is no violation of the guaranty of due process of law, regardless of whether an appellate court may approve of the verdict of the jury and the judgment based on it. The law by which the question of due process is determined is the law of the jurisdiction where the offense was committed and the trial is had." Vol. 12, C. J., 1202.

The accusation against the appellant has been in due form, by indictment by a grand jury, upon a statute creating and defining the offense of embezzlement before a Court of competent jurisdiction, and with ample notice and opportunity to answer and defend the charges according to the course of judicial procedure in the State of South Carolina, and a right to be discharged unless found guilty.

"The equal protection of the laws guaranteed by the Constitution (Art. 1, § 5), is not violated where there is a classification which rests upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed. It simply means that no person, or class of persons, shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances. *Johnson Lytle & Co. v. Spartan Mills*, 68 S. C., 339, 47 S. E., 695, 1 Ann. Cas., 409. See, also, discussion of the subject in 2 Words and Phrases, page 1217 and following." *Harrison v. Caudle*, 141 S. C., 407, 139 S. E., 842, 845.

The appellant assumed and remained in the office of Treasurer of Cherokee County, a public office of trust, with notice that he would be charged with the safekeeping, transfer, and disbursement of public funds, and that he would be required to account for the same just as any other public officer in a fiduciary character. The con-

text of the amendment to the statute provides that the State will have to offer evidence showing or tending to prove upon trial that the public officer has received public funds and has failed to account for them, or some portion thereof, as required by law, and thereupon the burden of proof shifts to the accused to show that he has not fraudulently appropriated such funds. The Legislature has then prescribed that proof of certain facts, the receipt of public funds by a public officer or other person, be kept safely, transferred, and disbursed, and the failure to account therefor, as required by law, bears a direct and rational relation with the ultimate fact to be proved; appropriation to personal use with intent to defraud and cheat. The presumption thus created undeniably arises from the proof of these facts, not arbitrarily nor unreasonable. However, the presumption is rebuttable and merely shifts the rebuttance to the accused and in nowise limits or hinders him in producing evidence to show all facts bearing on the main issue.

"Generally speaking, the legislature may, without denial of due process of law, establish and alter the rules relating to the admission and effect of evidence in criminal cases; and the same is true as to the powers of Congress in prescribing rules of evidence for trials in the federal courts. If the rule of evidence prescribed by statute is reasonable in itself, and does not deprive the accused person of reasonable opportunity to make his defense or to give in evidence all the facts relating to the issue, it is due process of law within the constitutional guaranties. Conversely, a rule of evidence prescribed by statute is void for want of due process of law if it is arbitrary or unreasonable, or if it affixes a conclusive effect to certain matters as evidence of a fact vital to the guilt of the accused. A statute providing that proof of one fact shall constitute *prima facie* evidence of the existence of another fact essential to the guilt of the accused is not void for want of due process of law where there is some rational connection between the fact proved and the ultimate fact

presumed; but a statute establishing such presumption, where there is no such rational connection and the presumption is purely arbitrary, is unreasonable and void. These principles have frequently been tested in legislation aimed at regulation or suppression of the liquor traffic, and statutes establishing presumptions of guilt from certain evidence have been generally sustained, although their arbitrary character at times has rendered them invalid." 12 C. J., 1205, 1206.

In an annotation on the subject of constitutionality of statutes or ordinances making one fact presumptive or *prima facie* evidence of another, found in 51 L. R. A., at page 1141, it is stated: "The general rule is well established that it is competent for a legislative body to provide by statute or ordinance that certain facts shall be *prima facie* or presumptive evidence of other facts, if there is a natural and rational evidentiary relation between the facts proved and those presumed; such statutes or ordinances are within the well-settled powers of a legislative body to change the rules of evidence, and do not infringe upon the rights of the judiciary, or violate any other provisions of the Federal or State Constitution."

This Court has held in the case of *State v. Burns,* 133 S. C., 238, 130 S. E., 641, 644, wherein defendant was indicted for storing and keeping whiskey, under Section 873 (Criminal Code 1922), making it unlawful for any intoxicating liquors to be stored or kept for one's own personal use or that of his immediate family, or for religious purposes, and then only at his usual place of residence and only when the same shall have been procured in a lawful manner, that the question as to whether the liquor had been procured in a lawful manner was a vital, if not under the facts of that case the pivotal, point in the case, and had this to say: "It is true that a *prima facie* case is made out by the State when it establishes the fact of storing or keeping intoxicating liquor. The statute law makes the storing or keeping unlaw-

ful, except under certain conditions. Under the well-settled rule in such cases, if the defendant claims that the storing or possession was not unlawful, because coming within the terms of an exception or proviso in the statute, or because the possession was for especially-permitted purposes, or under other circumstances which would relieve him from criminal responsibility, the burden is on him to establish such defense. 33 C. J., 746, § 483; *State v. Twiggs,* 123 S. C., 47, 101 S. E., 663; *State v. Williams,* 35 S. C., 344, 14 S. E., 819; *State v. Geuing,* 1 McCord [573], 574. But the failure of a defendant to assume that burden by offering evidence to bring himself within the exception does not as a matter of law conclude him or forestall the verdict. It is incumbent upon the state to prove guilt beyond a reasonable doubt, and upon that general issue the burden remains with the state throughout the trial. 33 C. J., 756, § 499. See *State v. Helms,* 181 N. C., 566, 107 S. E., 228. Upon the issues of fact, therefore, as to whether this liquor had been procured in a lawful manner, the defendants had the right to go to the jury upon the state's *prima facie* case and to have all the facts and circumstances considered by the jury; 'they giving such weight to the presumptive evidence (adduced by the state), as they may think it should have under the circumstances.' *State v. Wilkerson,* 164 N. C. [431], 437, 79 S. E. [888], 891."

The statute has created the offense of embezzlement to meet the exigencies of a situation where a public officer intrusted with the safekeeping, transfer, and disbursement of public funds has appropriated to his own use these funds or any portion thereof with fraudulent intent. It is true under the statute that the State makes out a *prima facie* case when it has shown that a public officer or other person has received public funds and failed to account for them as required by law, but the statute does not preclude the accused from proving his innocence of the charge under any circumstances which would relieve him from

criminal responsibility. The presumption shifts the burden of proof as to the legal disposal of the funds or their existence in contravention of any criminal act, but the failure to assume that burden by offering such evidence does not conclude the accused or forestall the verdict. It is still· incumbent upon the State to prove the guilt of the defendant beyond a reasonable doubt, and upon that general issue the burden remains with the State throughout the trial; consequently, the issue of innocence or guilt of the defendant remains an issue of fact for the jury. Upon the issues of fact therefore, whether or not the defendant has appropriated to his own use the public funds with fraudulent intent, the defendant has the right to go to the jury upon the State's *prima facie* case, and to have all the facts and circumstances considered by the jury, they giving such weight to the presumptive evidence (adduced by the State), as they may think it should have under the circumstances. The State, in order to make out its *prima facie* case, has to confront the defendant with competent testimony, which preserves intact the right of the defendant to be confronted by the opposing witnesses, and the right to cross examine these witnesses. If the State fails to offer its presumptive evidence, if any, the defendant is entitled to a verdict of not guilty; but if the *prima facie* case is made out, the defendant then has the opportunity of rebutting the presumption thus created, and the issue becomes one for the jury, therein preserving to the defendant his right of trial by jury. The presumption, if created, is not a conclusive presumption, but a rebuttable presumption; consequently, the burden of proving the presumption is on the State, and throughout the trial the burden of proving the guilt of the defendant beyond a reasonable doubt upon the general issue rests always upon the State.

"All persons charged with crime are presumed to be innocent, not only when brought into Court, but when on trial, and until that presumption of innocence is overthrown by the State by competent evidence proving the defendant

guilty beyond a reasonable doubt. It is not sufficient to say that all persons are presumed to be innocent when brought into court, for the presumption does not stop there, but it follows the prisoner throughout the trial of the case and until removed by competent evidence as above set forth." *State v. Peden,* 157 S. C., 459, 154 S. E., 658, 660.

The Legislature has, within its powers, declared that upon the production of certain facts, a presumption arises that the funds received and unaccounted for have been fraudulently appropriated by such public officer or person, but this presumption does not arise until after the proof of the *prima facie* case, which presumption is rebuttable, therefore not concluding the defendant or forestalling the verdict, for the general issue of guilt has to be proved beyond a reasonable doubt. So the presumption of fraudulent appropriation created upon the proof of certain facts merely offsets the presumption of innocence as to this particular essential element of the crime of embezzlement, and it remains for a jury to say, under all of the facts and circumstances of the case, if the officer or other person receiving public funds, and failing to account for them as required by law, has fraudulently appropriated such public funds to his or their own use.

Both the State and Federal Constitutions (Const. S. C., Art. 1, § 17; Const. U. S. Amend. 5), provide that no person, in a criminal case, shall be compelled to be a witness against himself. The statute as amended does not in any manner compel the defendant to take the stand as a witness. The defendant's burden to show otherwise does not compel him to testify, as the presumption is rebuttable by any competent testimony, and if the defendant does elect to testify in his own behalf, he has the right to refuse to answer any question that may tend to incriminate him. However, if the defendant chooses to answer incriminating questions, then he waives his constitutional immunity.

The appellant has very forcibly argued that the offense of embezzlement is punishable because of the intent with which it is done, and that the State must

prove the intent as any other fact; consequently, the statute giving birth to a presumption of fraudulent misappropriation upon proof of certain facts is unconstitutional, in that the essential element of intent is presumed and the burden to show otherwise is upon the defendant. However, the argument is not based upon the correct premise for the intent so presumed by the statute is not conclusive, but is a rebuttable presumption. The State still has to prove the fraudulent intent beyond a reasonable doubt, and the presumption of fraudulent appropriation raised by the statute is not in itself proof of the intent, but is only a factor supporting the evidence adduced by the State to prove the offense of embezzlement. A similar situation arises when one is found in the possession of property recently stolen. One found in the possession of property recently stolen is presumed to be the thief, but as was stated in *State v. Winter,* 83 S. C., 153, 65 S. E., 209, 210, quoting from 1 Greenleaf on Evidence, § 34: "The jury is not required to look for the explanation which removes the presumption to direct evidence; it may be found in the attending cirumstances, or in the character or habits of the possessor, or in any other fact."

Bearing in mind that the statute does not presume to supply the proof of the fraudulent intent, but is only designed and intended to lend a presumption of fraud upon the proof of the prerequisite facts named in the statute, which presumption logically follows upon proof of such facts, then the legality of the statute is unquestionable.

We have in this State a long line of unbroken decisions, as well as in other jurisdictions, that a Court will not declare a statute unconstitutional when by any reasonable construction legislative enactments may be harmonized with Constitution, *United States Tire Co. v. Keystone Tire Sales Co.,* 153 S. C., 56, 150 S. E., 347, 66 A. L. R., 1264; *Xepapas v. Richardson,* 149 S. C., g2, 146 S. E., 686; that legislative Act will not be declared uncon-

stitutional unless its repugnance to the Constitution is clear and beyond a reasonable doubt, *Gregg Dyeing Co. v. Query,* 166 S. C., 117, 164 S. E., 588; *State ex rel. v. Huntley,* 167 S. C., 476, 166 S. E., 637; all reasonable presumptions must be indulged in favor of the validity of the Act, and it is only when its invalidity appears so clearly as to leave no room for reasonable doubt that it violates some provision of the Constitution that a Court will refuse to sustain its validity, *People's Bank of Rock Hill v. People's Bank of Anderson,* 122 S. C., 476, 115 S. E., 736; and every Act of the Legislature is presumed Constitutional, and cannot be declared invalid till proven so, *Means v. State Highway Department of South Carolina,* 146 S. C., 19, 143 S. E., 360; *Duke Power Co. v. Bell,* 156 S. C., 299, 152 S. E., 865.

In the case of *Manley v. Georgia,* 279 U. S., 1, 49 S. Ct., 215, 73 L. Ed., 575, cited in brief for appellant, the Court in holding that a statute declaring that every insolvency of a bank shall be deemed fraudulent and subject the directors to imprisonment, unless they repel the presumption of fraud, was unconstitutional as violative of the due process clauses of the Fourteenth Amendment, pointed out as stated in said brief of appellant, "The connection between the fact proved and that presumed, is not sufficient" and "Reasoning does not lead from one to the other." It is, of course, recognized that a bank could become insolvent from many other causes than fraud on the part of anyone connected with such bank, but in the case at bar, as heretofore stated in this opinion, the natural conclusion to be reached from the failure of an official or other person to account for public funds with which intrusted would be that such officer or person had fraudulently appropriated same to his own use.

All exceptions have been considered, and are overruled.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.