688 S.E.2d 121

LaSALLE BANK NATIONAL ASSOCIATION, as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities Trust 2006–1, Asset Backed Certificates, Series 2006–1, Respondent,

v.

Edward M. DAVIDSON, aka Ed Davidson; Sheryl L. Peterson–Davidson, aka Sheryl Davidson; WCRSI, LLC; and The Farm at Wescott Homeowners Association, Inc., Appellants.

No. 26753.

Supreme Court of South Carolina.

Heard Oct. 6, 2009.

Decided Dec. 21, 2009.

Merrill A. Cox, of Cox Law Firm, of Goose Creek, for Appellants.

D. Randolph Whitt, of Fleming & Whitt, of Columbia, for Respondent.

Justice KITTREDGE.

This is an appeal from a judgment in a mortgage foreclosure proceeding. The question before the Court is whether the failure of the judge to attend the final court hearing violated Appellants' constitutional guarantee to procedural due process. We answer in the affirmative and hold that an attempt to conduct a hearing without a judge violates due process and is a nullity. We vacate the judgment of the trial court and remand for a hearing.

## I.

In September 2004, in two transactions, DHI Mortgage Company ("DHI") loaned Appellants Edward and Sheryl Davidson $42,386 and $169,542 to purchase a home in Summerville, South Carolina. Both loans were secured by recorded mortgages. The Davidsons defaulted on their May 2006 mortgage payment—one month after the interest rate increased from 6.625 percent to 11.375 percent. Upon default, the outstanding balance on the larger loan was $166,694.35.

On December 19, 2006, DHI assigned the smaller mortgage to WCRSI, LLC. On October 12, 2007, DHI assigned the larger mortgage to Respondent LaSalle Bank National Association ("LaSalle").[1] LaSalle initiated a mortgage foreclosure action shortly after the assignment and notified the Davidsons they then owed $198,766.75. In its complaint, LaSalle asked the court to: "Declare [its] [m]ortgage a purchase money first mortgage lien on the subject property, and render judgment and foreclosure for the amount so found to be due and owing thereon, together with any taxes or insurance premiums which may be due, with reasonable attorney's fees, and for the costs of this action." The complaint additionally alleged that all other liens on the Davidsons' property were "junior or subsequent to" LaSalle's mortgage. After the Davidsons and the other lien holders failed to respond to the complaint, LaSalle filed an affidavit of default. The Dorchester County Clerk of Court referred the case to the Master–in–Equity and notified the parties that a final hearing would be held on March 6, 2008. The Order of Reference stated the Master would take testimony, enter a final judgment, and "hear all matters arising from or reasonably related to" the case.

On March 6, 2008, LaSalle's attorney[2] appeared in court for the hearing. Sheryl Davidson appeared *pro se* for the hearing. The Master, however, failed to attend and no court reporter was present. In the Master's absence, LaSalle's counsel attempted to proceed with a hearing against the *pro se*

---

1. LaSalle is trustee for certificate holders of Bear Sterns asset-backed-securities.

2. The attorney representing LaSalle on appeal did not represent LaSalle at the foreclosure hearing.

defendant. LaSalle's counsel then presented a proposed order, which the Master signed and filed on March 18, 2008. In the final order, "Judgment of Foreclosure and Sale," the Master referenced the March 6 hearing and made findings based on the phantom testimony and evidence presented. The order found the Davidsons' secured debt was $212,034.16, which included attorneys' fees of $4,500.

Also on March 18, 2008, a Record of Hearing [3] was filed with the court. This Record stated a hearing in the Davidsons' case was held before the Master on March 6, 2008. The Record indicated that the only party attending the hearing was LaSalle's attorney; however, as noted, Sheryl Davidson also was present. Moreover, the Record states that LaSalle's attorney was duly sworn, testimony was given, and documents were placed into evidence.

The Davidsons filed a notice of appeal from the March 18, 2008 order. On appeal, the Davidsons argue the Master's order, which followed a final hearing conducted without a presiding judge, violated their constitutional guarantees to procedural due process, substantive due process, and equal protection. After jurisdiction over the case had vested in the appellate court, the Master attempted to vacate the order by filing an order on May 15, 2008. The May 15 order, entitled "Sua Sponte Order Vacating Judgment," stated: "[D]ue to unavoidable circumstances, I was not present at the hearing." The Supreme Court certified the case pursuant to South Carolina Appellate Court Rule 204(b).

## II.

 For purposes of the narrow issue presented, "[d]ue process of law requires that a person shall have a reasonable opportunity to be heard before a legally appointed and qualified impartial tribunal before any binding decree, order, or judgment can be made affecting his rights to life, liberty, or property." *State v. Brown,* 178 S.C. 294, 300, 182 S.E. 838, 841 (1935). The Davidsons contend their rights to procedural due process were violated when the Master issued an order of

---

3. The Record on Appeal does not indicate who prepared or filed the Record of Hearing.

mortgage foreclosure and sale following a judicial proceeding he failed to attend. We agree.

While LaSalle acknowledges the judge's absence from the hearing "may well have been an error," it contends we should view the absence of the judge from the hearing as simply the failure to conform to an "empty ritual." We do not view the presence of the judge in the courtroom as an "empty ritual." We similarly do not adopt LaSalle's assertion that the error here is not reversible because the outcome to the Davidsons would have been the same with, or without, a judge in the courtroom. LaSalle contends:

Appellants' default as to the allegations of the foreclosure [c]omplaint sealed their fate as to the outcome of a judgment of foreclosure being issued. Appellants have failed to show how any changes in the quality or extent of the hearing in this matter would have produced a different result.

■ We categorically reject LaSalle's contention that the absence of the judge at the hearing was a harmless error. The law recognizes two kinds of errors: trial errors and structural defects. The former are subject to "harmless error" analysis while the latter are not. In *State v. Mouzon*, this Court quoted a leading United States Supreme Court case, *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), in explaining that "trial errors [ ] are subject to harmless error analysis"; however, "structural defects in the constitution of the trial mechanism [ ] defy analysis by harmless error standards." 326 S.C. 199, 204, 485 S.E.2d 918, 921 (1997).

[Trial errors] occur during the presentation of the case to the jury, and may therefore be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt. Structural defects affect the entire conduct of the trial from beginning to end.

*Id.* at 204, 485 S.E.2d at 921 (quoting *Fulminante*, 499 U.S. at 308–09, 111 S.Ct. 1246) (internal citations and quotation marks omitted). *See also Sullivan v. Louisiana*, 508 U.S. 275, 282, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (explaining deprivation of the criminal defendant's right to a jury trial, "with conse-

quences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as 'structural error' ").

■ We hold that the absence of a judge at a court hearing is a structural defect. The Court is troubled by LaSalle's trial counsel's efforts to proceed without a presiding judicial officer as well as the submission of the erroneous proposed order to the judge. The purported hearing was a nullity, and the resulting order must be vacated. The judge's absence from the hearing deprived the Davidsons of the opportunity to be heard and, thus violated their constitutional guarantee of procedural due process.

■ The final matter we address is the Davidsons' request that we remand the case to a different judge. We decline this request. While the execution of LaSalle's counsel's proposed order was unfortunate, we discern nothing in the record warranting mandatory disqualification of this Master. Moreover, had the Davidsons filed a motion asking the Master to reconsider his order, we believe the Master would have vacated the order and conducted a proper hearing, as he attempted to do after jurisdiction had transferred to the appellate court. While it may be difficult to understand how an order was issued from a hearing that never happened, we put the matter into context by recognizing the enormous caseloads handled by our state's excellent Masters, especially with respect to mortgage foreclosures.

### III.

In sum, we vacate the March 18, 2008 Order of Foreclosure and Sale and remand for a *de novo* hearing on the merits. We need not reach the remaining assignments of error raised by Appellants.

**VACATED AND REMANDED.**

TOAL, C.J., WALLER, PLEICONES and BEATTY, JJ., concur.