[No. 1703, September 18, 1914.]

STATE OF NEW MEXICO, Appellant, vs. CLARENCE BROOKEN, Appellee.

### SYLLABUS BY THE COURT.

1. An indictment, charging a violation of Section 1, Chapter 23, S. L., 1901, which, after alleging that defendant held, under herd in a certain pasture, calves unaccompanied by their mothers, proceeds: "the said calves being then and there under the age of seven months", is not subject to attack, on the ground that the calves are not directly and positively alleged to be under seven months of age.

P. 408.

2. A part of a law may be unconstitutional and the re-mainder of it valid, where the objectionable part may be properly separated from the other, without impairing the force and effect of the section which remains, and where the legislative purpose as expressed in such section can be accomplished and given effect, independently of the void section, and, when the entire act is taken into consideration it can not be said that the legislature would not have passed the section retained had it been known that the void section must fail: Held, that Section 1, Chapter 23, S. L. 1901, is valid and enforcible even though Section 5 of the same Act is unconstitutional, under the above rule.

P. 410

3. The legislature, under the police power, may provide reasonable regulations for the use and enjoyment of prop-erty, where the same are necessary for the common good and the protection of others. Held, that a statute which prevents the holding under herd, or in any enclosure, unaccompanied by their mothers, of any calves of neat cattle under seven months of age, is not violative of any constitutional provision, and is sustainable under the police power, where such regulation appears reasonably necessary to prevent the larceny of young animals.

P. 411

Appeal from District Court, Eddy County; Edward L. Medler, Presiding Judge. Reversed with direction.

IRA L. GRIMSHAW, for appellant.

Indictment valid. Sec. 1, Chap. 23, 1901; Chap. 80, S. L. 1907.

ARMSTRONG & BOTTS, for appellee.

Indictment void. 22 Cyc. 293; 45 Cyc. 183; 55 Pac. 992; 34 L. R. A. 178; 47 L. R. A. 144; 59 L. R. A. 789; 101 Pac. 519; 23 L. R. A. 518; 13 Cal. 75; Const. N. M. Arts.

State v. Brooken, 19 N. M. 404

3, 4, Sec. 1, Art 2, Sec. 10, Art 4, Sec. 2; 35 Cyc. 1265; 61 AM Dec. 318; 65 L. R. A. 519; Sec. 3764 C. L. 1897; 14th, 5th Amds. Const. U. S.; 4 L. R. A. 725; 2 L. R. A. 268; 8 Cyc. 1895; 8 L. R. A. 438; 35 Am. Rep. 420; 63 Am. Dec. 381; 35 Am. Dec. 186; 23 Am. Dec. 477; 11 L. R. A.224; 13 L. R. A. 305; Jones on Ev. Secs. 123-129; 48 L. R. A. 265; 67 Ill. 337; 32 L. R .A. 663; 159 Ill. 98; 98 N. Y. 108; 109 N. Y. 389; 48 L. R. A. 265; Tiedeman on Police Powers Sec. 85; 67 Ill. 37; 32 L. R. A. 663; 155 Ill. 98; 49 LP. R. A. 184; 19 L. R. A. 730; 141 Pac. 132; 49 L. R. A. 1123.

## REPLY BRIEF OF APPELLANT.

8 Cyc. 863, 864; Bish. on Stat. Crime, Sec. 1103; 95 Mo. 1618.

## OPINION.

ROBERTS, C. J.—On the 5th day of September, 1913, the grand jury of Eddy County returned an indictment against Clarence Brooken, the appellee, charging him with having unlawfully held under herd, twelve calves of neat cattle of the value of ten dollars each, then and thereby interfering with the freedom of said calves, said calves being then and there under the age of seven months, and not being young animals accompanied by their mothers, nor calves of milch cows actually used to furnish milk for household purposes or for carrying on a dairy. The indictment was predicated upon Section 1, Chapter 23, S. L. 1901, which reads as follows:—

"That hereafter it shall be unlawful for any person, firm or corporation to hold under herd, confine in any pasture, building, corral or other enclosure, or to picket out, hobble, tie together or in any manner interfere with the freedom of calves of neat  cattle or colts of horses, asses and burros which are less than seven months old except such young animals be accompanied by their mothers.

This provision shall not apply to the calves of milch cows when such cows are actually used to furnish milk for household purposes or for carrying on a dairy; but in

every such case the person, firm or corporation separating calves from their mothers for either of these purposes shall, upon the demand of any cattle owner, sheriff, inspector or any other officer, produce, in a reasonable time, the mother of each one of such calves so that interested parties may ascertain if the cow does or does not claim and suckle such calf."

Appellee filed a motion to quash the indictment, upon the following grounds:

"1.  The indictment is void in that it states no offense known to or denounced by the laws of New Mexico.

2.  The indictment is void in that the Act upon which it is based attempts to authorize an officer to search premises and seize property without a search warrant describing the place to be searched and the person or thing to be seized upon a written showing of probable cause supported by oath or affirmation.

3.  The indictment is void in that the statute upon which it is based attempts to declare a forfeiture of liberty and property without due process of law.

4.  The indictment is void in that the statute upon which it is based attempts to delegate judicial powers to executive and administrative officers.

5.  The indictment is void in that the statute upon which it is based violates  the right to acquiring, possessing and protecting property and violates the constitutional prohibition against class legislation.

6.·  The statute upon which the indictment is based is not a valid exercise of police power."

The motion to quash was sustained generally, and the state has appealed.  We tre, therefore, required to notice each ground of the motion to quash, for, if any one be well taken, the action of the trial court must be sustained.

The first ground is based upon the manner, in which the age of the calves is alleged.  The statute only applies to the herding of calves under the age of seven months, hence it is necessary to allege in the indictment that the calves were under that age. The allegations of the indictment, in so far as pertinent, are "that Clarence Brooken   *   *  *

twelve calves of neat cattle * * * did unlawfully hold under herd in a certain pasture * * * the said calves being then and there under the age of seven months, * * *"
It is appellee's contention that the age of the calves is not directly and positively alleged; that the mere recital that "the said calves being then and there under the age of seven months" is not an allegation that the said calves were then and there under the age of seven months, and without such allegation the indictment charged no offense known to or denounced by the laws of the state. There is no merit in this ground of the motion, as the age was directly and positively averred. In Bishop's New Criminal Procedure, Section 557, the author says:

"Under 4 & 5 Phil. & M. c. 8, which made it punishable for one 'above the age of fourteen' to steal an heiress, the age, which was one of the two pillars of the offense, was held to be sufficiently set out by charging that the defendant, 'being above the age of fourteen years,' did the act."

The second ground of the motion is predicated upon Section 5, of the Act, which authorizes any inspector, appointed by the cattle sanitary board of New Mexico, who shall receive notice of the violation of the law, to seize such live stock and sell the same if ownership be not proven within ten days, and this he is authorized to do without obtaining a search warrant, regardless of the fact that, in order to make such seizure it may be necessary for him to enter upon a citizen's premises and break into buildings and enclosures. This section of the Act may be clearly unconstitutional, yet, if it be a distinct section, or provision, which can be literally and physically separated from Section 1, of the Act, without impairing the force and effect of the first section, and, if the legislative purpose, as expressed in said Section 1, can be accomplished or given effect, independently of Section 5, and, when the entire act is taken into consideration it cannot be said that the legislature would not have passed Section 1, had it been known that Section 5 must fail, the first section must be upheld. Lewis' Sutherland Statutory Cons. (2nd Ed.)

Sec. 297.   The first section of the Act denounced as a crime, the holding under herd or confining in any pasture, building, corral or other inclosure, or picketing out, tying together or in any manner interfering with the freedom of calves of neat cattle, colts of horses, asses and burros less than seven months of age, except such young animals be accompanied by their mothers.   The purpose of the Act, when we consider the conditions existing in this state, are apparent.   Here we have the open range, where countless herds of cattle, horses and other animals, graze, unattended by keepers and wander over a vast expanse of country, rear their young, which are gathered in at "round-ups" at the approximate age of seven months and branded by the owner.   The only way by which the owner is able to prove his property is by the brand upon the animal.   Prior to the enactment of this law, cattle thieves would gather up large numbers of calves and colts, enclose them in corrals, or hold them under herd until they were weaned from their mothers and brand them with their brand.   There was no way by which such crimes could be detected and the culprits brought to justice, as the owner was unable to prove ownership of the calves, separated from their mothers bearing the brand of the owner.   To remedy this evil, and to protect this class of property, the Act was passed.   Section 5, it will be noted, does not affect in any manner the offense denounced by Section 1, of the Act, under which this indictment was framed.   It simply provides for the seizure, and under certain conditions the sale, of young animals held under herd, etc., in violation of Section 1, so that, if such section should be held unconstitutional and eliminated from the Act, it would not affect any other section of the Act, but would simply preclude the inspector from entering upon premises and seizing such animals.

"A statute may be unconstitutional in part, without invalidating the remainder; or the unconstitutional part may be so material as to render the whole act void." State vs. Newton, 59 Ind. 173.

"Now nothing is better settled than that a part of a

law may be declared constitutionally invalid, and yet another portion properly separable therefrom, and therefore unexceptionable in every particular. This may be so even though the sound and unsound are in one section together. This is always the rule unless the parts sound and unsound are so mutually related, so blended together, as to constitute an entirety, making it evident that unless the act be carried into effect as a whole, it could not have received the legislative sanction. Bishop Stat. Crim. Sec. 34, and cases cited." State vs. Bockstruck, 136 Mo. 335.

It must be apparent that the portion of the Act under consideration, upon which this indictment is bottomed, would have been enacted by the legislature, even though it could not constitutionally have declared that such animals, so held in violation of Section 1, should "be considered as estrays", and the inspector could not take such animals into his possession and hold them for proof of ownership, or sell them and apply the proceeds as directed.

For the reasons stated, this ground of the motion was not well taken.

The third ground was also based upon the claimed unconstitutionality of Section 5, because such section attempts to declare a forfeiture of liberty and property without due process of law. What we have said above disposes of this contention. The same is also true as to the fourth ground of the motion.

The fifth point made by appellee is upon the theory that the indictment is void because the statute upon which it is based violates the constitutional right of acquiring, possessing and protecting property and that the statute is in conflict with the prohibition contained in the constitution against class legislation.

Appellee's counsel, in their argument, assume that the Constitution gives unqualified right to a person to acquire, possess, protect and use his property as he chooses. They fail to recognize the right in the legislature, under the police power, to provide reasonable regulations for the use and enjoyment of property, where the same is necessary

for the common good, and the protection of others. Rights of property, like all other social and conventional rights, are subject to regulation under this power, and such reasonable limitations may be imposed upon their enjoyment as may be necessary to prevent injury to others. In Commonwealth vs. Alger, 7 Cush. 53, Chief Justice Shaw said:

"We think it is a settled principle, growing out of the nature of well-ordered civil society, that every holder of property, however absolute and unqualified may be his title, holds it under the implied liability that his use of it shall not be injurious to the equal enjoyment of others having an equal right to the enjoyment of their property, nor injurious to the rights of the community. All property in this Commonwealth is * * * held subject to those general regulations which are necessary to the common good and general welfare. Rights of property, like all other social and conventional rights, are subject to such reasonable limitations in their enjoyment as shall prevent them from being injurious, and to such reasonable restraints and regulations established by law as the legislature, under the governing and controlling power vested in them by the constitution, may think necessary and expedient. This is very different from the right of eminent domain—the right of a government to take and appropriate private property whenever the public exigency requires it, which can be done only on condition of providing a reasonable compensation therefor. The power we allude to is rather the police power; the power vested in the legislature by the constitution to make, ordain, and establish all manner of wholesome and reasonable laws, statutes, and ordinances, either with penalties or without, not repugnant to the constitution, as they shall judge to be for the good and welfare of the Commonwealth, and of the subjects of the same. It is much easier to perceive and realize the existence and sources of this power than to mark its boundaries, or prescribe limits to its exercise."

Because the economic conditions of a country, due to the rapid stride toward a more complete and perfect civili-

State v. Brooken, 19 N. M. 404

zation, are constantly changing, it would seem that it has been, and is, impossible to define "police power" in so many words.

In 8 Cyc. 863, it is stated:

"Police power is the name given to that inherent sovereignty which it is the right and duty of the government or its agents to exercise whenever public policy in a broad sense demands, for the benefit of society at large, regulations to guard its morals, safety, health, order, or to insure, in any respect, such economic conditions as an advancing civilization of a highly complex character requires."

This power is to be exercised by the legislature, and under it, it may enact all needful laws for the benefit of society at large, within constitutional limitations. Sec. 4 Art. II, of the State Constitution, provides that:

"All persons are born equally free, and have certain natural, inherent and inalienable rights, among which are the rights of acquiring, possessing and protecting property * * * * "

Appellee claims that the Act under consideration violates this section of the Constitution, in that it denies to him the right of protecting his property, because it precludes him from holding calves under herd, or in an enclosure, and feeding and caring for them. The section of the Act in question however, in this case, does not contravene this constitutional provision. While it is true the legislature cannot deny the right to acquire, possess and protect property, it may provide such reasonable regulations for the exercise of such rights as the public welfare requires, so that others may not be injured. The Act neither denies the right to acquire, possess nor protect property. It simply provides regulations, which, under the peculiar conditions prevailing in this State, must be held reasonable for the exercise and enjoyment of the constitutional guaranties in this regard.

Under this head, appellee advances the argument that Section 4, of the Act provides that any person violating the provisions thereof, "either as principal or when acting for, or as manager of the business of any firm or corpora-

tion, etc.," shall be punished, etc., and therefore it would not be a violation of the Act for one to interfere with the freedom of young animals unless one were acting for himself, or as agent for a *firm* or *corporation,* and thus leaving one class of citizens without its operation it violates Section 24, Article 4, of the Constitution. But no one is excluded from the operation of the statute. If A holds under herd, calves of neat cattle, pursuant to orders of B, an individual, both A and B would be principals, as the offense is only a misdemeanor. It is evident that the legislature inserted the clause "either as principal or when acting for, or as manager of the business of any firm or corporation", as a matter of precaution, to preclude one acting as manager for a firm or corporation from escaping liability under the act. These words were entirely unnecessary, and do not extend in any manner the liability of the individual. Without such words the manager of a corporation, if he had participated in the violation of the statute, would have been guilty.

The sixth ground of the motion was that "the statute upon which the indictment is based is not a valid exercise of police power."

What we have already said has disposed of this contention. As stated, the object of the statute was to prevent the larceny of unbranded young animals, a manifest evil, and is clearly within the police power.

For the reasons stated, we hold that Section 1, of the Act in question, upon which the indictment was predicated, is constitutional, and the indictment charged a violation thereof by appellee. The trial court erred, therefore, in sustaining the motion to quash, and its judgment is reversed and the cause remanded with instructions to overrule the motion to quash, and, IT IS SO ORDERED.