189 P.2d 993

**STATE v. PRINCE.**

No. 5054.

Supreme Court of New Mexico.

Jan. 7, 1948.

Rehearing Denied March 2, 1948.

C. C. McCulloh, Atty. Gen., Robert V. Wollard Asst. Atty. Gen., and Harry D. Robins, Sp. Asst. Atty. Gen., for plaintiff in error.

Lewis R. Sutin, of Albuquerque, for defendant in error.

COMPTON, Justice.

Defendant in error was charged by an information containing two counts, based upon Section 41-4519, New Mexico Statutes, 1941 Compilation, which reads as follows: "Any person being in the possession of the property of another, who shall convert such property to his own use, or dispose of such property in any way not authorized by the owner thereof, or by law, shall be guilty of embezzlement * * *" Sec. 2, Ch. 70, Laws 1923, N.M.Sts.

The information charged:

"That in the county of Bernalillo, State of New Mexico, the said Lewis Prince, being entrusted in the possession of certain monies of Markus and Markus, a partnership, did on the 20th day of March, 1946, fraudulently convert the sum of forty-one dollars and 41/100 ($41.41) to his own use or did dispose of such property in a way not authorized by the owner thereof or by law.

"Count 2. On the 2nd day of August, 1946, in the same county and state, the said Lewis Prince, being entrusted in the possession of certain monies of Markus and Markus, a partnership, did fraudulently convert the sum of Fifty-four and 50/100 ($54.50) dollars to his own use or did dispose of such property in a way not authorized by the owner thereof or by law."

The statute in question expressly repealed a prior statute which read: "If any person who shall be *entrusted* with any property which may be the subject of larceny, shall *embezzle or fraudulently convert* to his own use, or *shall secrete with intent to embezzle or fraudulently convert* to his own use any such property, he shall be deemed guilty of larceny." Section 1543, Code 1915. (Emphasis ours.)

From an order sustaining a motion to quash the information as unconstitutional and void, plaintiff brings the case here for review by writ of error, assigning the following as error:

1. The court erred in making its conclusions of law.

2. The court erred in dismissing the information.

3. The court erred in dismissing the defendant.

These are argued under the single point: "That Section 41-4519 of the 1941 Compilation (being section 2, Ch. 70, Laws of 1923) is constitutional and that the information filed under said statute alleging all essential elements constituting the offense of embezzlement should not have been quashed as the defendant was sufficiently apprised of the offense charged."

Plaintiff contends that the legislature intended the statute to include all essentials for the crime of embezzlement, and that the *information* is so limited as to come

within legislative intent. It is also contended that the legislature in the exercise of police power had the authority to define embezzlement by saying what acts constituted the offense.

On the other hand, defendant contends the statute in question does not define embezzlement, as it does not include essential elements, viz., entrustment and fraudulent conversion. He also contends that the statute cannot be sustained as a reasonable exercise of police power.

The single question for our determination is whether the statute may be sustained when it omits certain essential elements necessary to constitute the crime of embezzlement, viz., entrustment and fraudulent appropriation.

■ The essential elements of the offense of embezzlement are: (a) That the property belonged to some one other than the accused. (b) That the accused occupied a designated fiduciary relationship and that the property came into his possession by reason of his employment or office. (c) That there was a fraudulent intent to deprive the owner of his property. 29 C.J.S., Embezzlement, § 5; Underhill's Criminal Evidence, Sec. 490, pages 4003, 4004. Section 1543, supra, was before the legislature when Section 41-4519, supra, was enacted. It knew the essential elements necessary to constitute the offense of embezzlement. It expressly repealed that effective statute.

■ In determining legislative intent, the court may consider both prior and subsequent statutes in pari materia, the evil or effect, past or anticipated, for which no adequate remedy is provided, the means announced by the legislature and the reason therefor. We know of no safer way to ascertain legislative intent than what it says.

■ "When in any enactment there appears an express modification or repeal of certain provisions in the former enactment, such express modification or repeal of the portions thereof thus affected will be held to disclose the full intent of the framers of the later enactment as to how much or what portion of the former it was intended to modify or repeal, this upon the principle 'expressio unius, est exclusio alterius.' " (Express mention of one thing implies the exclusion of the other.) (Translation supplied by appellee.) Fay v. District Court, 200 Cal. 522, 254 P. 896, 903.

■■ A penal statute should define the act necessary to constitute an offense with such certainty that a person who violates it must know that his act is criminal when he does it. Then can it be said a person having property of another in his possession, which he believes to be his own, could possibly know that he had violated the law when he sells it or otherwise appropriates it to his own use. But it clearly appears from reading the statutes in question, such appropriation is made a crime. Under its

terms there is no defense for simple conversion, and to make an act, innocent itself, a crime, and criminals of those who might perchance fall within its interdiction, is inconsistent with law. The statute is uncertain in its meaning, vague and indefinite. A person charged thereunder is deprived of due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States. Cf. State v. Lantz, 90 W.Va. 738, 111 S.E. 766, 26 A.L.R. 894; Ex parte Daniels, 183 Cal. 636, 192 P. 442, 21 A.L.R. 1172; Connally v. General Const. Co., 269 U.S. 385, 46 S. Ct. 126, 70 L.Ed. 322, 323; Ex parte Bales, 42 Okl.Cr. 28, 274 P. 485; State v. Park, 42 Nev. 386, 178 P. 389.

■ Plaintiff urges that since the essentials of embezzlement are included in the information, that it manifests the legislative intent. It is the statute not the charge under it that prescribes the rule of conduct and warns against transgression. In Lanzetta v. State of New Jersey, 306 U.S. 451, 59 S.Ct. 618, 619, 83 L.Ed. 888, in holding the statute unconstitutional, the Supreme Court said: "If on its face the challenged provision is repugnant to the due process clause, specification of details of the offense intended to be charged would not serve to validate it. * * * No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids." Thornhill v. State of Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093.

Other authorities supporting this principle are assembled in State v. Menderson, 57 Ariz. 103, 111 P.2d 622.

■■ Plaintiff also urges that in the exercise of police power the legislature has authority to define embezzlement and declare what constitutes an offense. It must be conceded that such power inheres in the state but in order that a statute may be sustained as an exercise of such power it must appear that the enactment has for its purpose the prevention of certain manifest or anticipated evil, or the preservation of the public health, safety, morals, or general welfare. As defined by Justice Holmes: "It may be said in a general way that the police power extends to all the great public needs. * * * It may be put forth in aid of what is sanctioned by usage, or held by the prevailing morality or strong and preponderant opinion to be greatly and immediately necessary to the public welfare." Noble State Bank v. Haskell, 219 U.S. 104, 31 S.Ct. 186, 188, 55 L.Ed. 112, 32 L.R.A., N.S., 1062, Ann.Cas.1912A, 487.

■ The power thus defined, and a prior valid statute having been repealed, we are unable to determine that there existed, or was anticipated, that condition of public health, safety, morals or preponderant opinion making the statute in question immediately necessary for the public welfare.

No additional power is conferred by the new statute, unless it has for its purpose to embrace within its ambits the guilty and innocent alike. This would afford no reasonable ascertainable standard of guilt, and is therefore too vague and uncertain to be enforced. The accused, though presumed to be innocent, if proven guilty of simple conversion, nevertheless is a felon under the statute, in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States.

To sustain the statute, we would supply by intendment, words of limitation, and this would be judicial legislation. The statute cannot be extended or sustained as a reasonable exercise of police power. State v. Henry, 37 N.M. 536, 25 P.2d 204, 90 A. L.R. 805; De Graftenreid v. Strong, 28 N.M. 91, 206 P. 694; Moruzzi v. Federal Life & Casualty Company, 42 N.M. 35, 75 P.2d 320, 115 A.L.R. 407; Tyson v. Banton, 273 U.S. 418, 47 S.Ct. 426, 71 L. Ed. 718, 58 A.L.R. 1236; State v. Menderson, supra, 57 Ariz. 103, 111 P.2d 622; State v. Burns, 53 Idaho 418, 23 P.2d 731; Gonzales v. Sharp & Fellow Construction Co., 48 N.M. 528, 153 P.2d 676; Id., 51 N. M.: 121, 179 P.2d 762; People v. Mooney, 87 Colo. 567, 290 P. 271.

Plaintiff in support of its position cites Commonwealth v. Barney, 115 Ky. 475, 74 S.W. 181; State v. Brooken, 19 N.M. 404, 143 P. 479, L.R.A.1915B, 213, Ann.Cas. 1916D, 136; and State v. Shedoudy, 45 N. M. 516, 118 P.2d 280. These cases are not authority for the principle asserted. In Commonwealth v. Barney, supra, the court, in the absence of a prior, valid and effective statute, sustained the enactment as a reasonable exercise of police power. Subsequently, in Burnam v. Commonwealth, 228 Ky. 410, 15 S.W.2d 256, it refused to do so where a prior valid statute had been repealed. In State v. Brooken, supra, there existed no prior effective statute and it became necessary to ascertain the legislative intent and thus supply the statute by intendment. The same is said of State v. Shedoudy, supra. To sustain the statute, we must hold that the legislature in the exercise of police power retained in effect provision of a penal statute expressly repealed by it. This is contrary to all rules of statutory construction.

Our conclusion leaves the state without a statute defining embezzlement unless we determine whether section 1543, supra, has been disturbed by the repealing clause of chapter 70, Laws of 1923, N.M.St. supra.

The public welfare impels us to decide this point.

 The rule regarding the construction of repealing clauses is likewise a question of legislative intent. Where it appears from the repealing act, and the act sought to be repealed, that it was the legislative intent that the repealing clause should, in all events, be valid, such clause will be held to be valid; but where it is obvious that

where the repeal is intended to clear the way for the operation of the act containing the repealing clause and displacing the old law with the new, then, if the new law be unconstitutional the repealing clause becomes dependent and inoperative and falls within the main purpose of the act containing it. An unconstitutional law being void is not inconsistent with any former law. State v. Candelaria, 28 N.M. 573, 215 P. 816, and cases cited. People v. Butler Street Foundry & Iron Co., 201 Ill. 236, 66 N.E. 349, I Lewis' Sutherland, on Stat. Const.P. 245, citing cases. 59 C.J. 939. Tims v. State, 26 Ala. 165; People v. Fleming, 7 Colo. 230, 3 P. 70. Cook County v. Healy, 222 Ill. 310, 78 N.E. 623; State v. Rice, 115 Md. 317, 80 A. 1026, 36 L.R.A., N.S., 344, Ann.Cas.1913A, 1247; State v. McClear, 11 Nev. 39. City of Portland v. Coffey, 67 Or. 507, 135 P. 358; Porter v. Board of Com'rs of Kingfisher County, 6 Okl. 550, 51 P. 741.

It is evident that the legislature intended to displace the embezzlement law by substituting a new one. We are not satisfied that the legislature would have repealed the former act if it had not been supposed that the new act adopted in lieu of it was valid.

This being so, under the rule announced, the repealing clause necessarily fails when the purpose of the act fails and no former act is repealed. It follows that the embezzlement law existing prior to the Act of 1923 was not repealed. The judgment of the court was correct in holding that Section 41-4519, supra, did not define embezzlement, but the information having charged a crime under the act sought to be repealed, the court erred in discharging appellant.

The judgment is reversed, with directions to the trial court to reinstate the case upon its docket and proceed in a manner not inconsistent herewith, and it is so ordered.

BRICE, C. J., and LUJAN and McGHEE, JJ., concur.

SADLER, Justice (dissenting).

The prevailing opinion is correct in directing a reversal of the order of the trial court quashing the criminal information filed below. The holding that the statute in question is unconstitutional as denying to an accused due process of law under the Fourteenth Amendment to the Constitution of the United States is plainly erroneous. It convicts the legislature of sheer stupidity to hold that in enacting 1941 Comp. § 41-4519, it intended to authorize punishment of the innocent and well intentioned along with the venal and criminally disposed. The element of fraudulent intent necessarily is to be read into the statute and so construed, it is perfectly valid. State v. Shedoudy, 45 N.M. 516, 118 P.2d 280; State v. Nance, 32 N.M. 158, 252 P.

1002; Commonwealth v. Barney, 115 Ky. 475, 74 S.W. 181. United States v. P. Koenig Coal Co., 270 U.S. 512, 46 S.Ct. 392, 70 L.Ed. 709.

Every accused who, over the past quarter of a century, approximately, has served time following conviction under this statute, will be made none the happier to learn the whole proceeding was a nullity. All now in prison after similar convictions under the statute should forthwith be given their freedom in an effort to make such atonement as the state presently can for the wrong inflicted. Resurrection of the old statute, repealed by the law enacting the one here challenged, if correctly accomplished on the theory employed by the majority, neither softens nor palliates the sting of unwarranted convictions under the one now stricken down. These unfortunate consequences all rest on the majority conclusion that the statute is no good. In my opinion, it is good. Hence, the untoward consequences mentioned in no way disturb me.

How much better to appraise the questioned statute on an assumption of legislative care and competence, rather than under an imputation of stupidity or carelessness, and so viewed, endeavor to find reason and purpose in its enactment. Thus considered, a perfectly logical legislative enactment emerges. Granting that under the law repealed, "entrustment" and existence of a "fiduciary relationship" are elements of the crime of embezzlement, Code 1915, § 1543, what is to prevent the legislature in the exercise of its undoubted power to define and declare public offenses and prescribe the punishment therefor (State v. Boloff, 138 Or. 568, 4 P.2d 326, 7 P.2d 775, and Sheehan v. Superintendent of Concord Reformatory, 254 Mass. 342, 150 N.E. 231) from broadening the scope of the offense? None can question that it is an immoral act for one in possession of the property of another, regardless of how such possession came about, to convert same to his own use with fraudulent intent. The legislature says it shall constitute the crime of embezzlement. Neither principle nor precedent deny its power to do so. Both repudiate our right to say it cannot.

The trial court should be instructed to overrule the motion to quash and proceed with the trial of defendant. The majority having concluded otherwise,

I dissent.