277 P.2d 302

STATE of New Mexico, Plaintiff-Appellee,

v.

Manuel C. CHAVEZ, Defendant-Appellant.

No. 5809.

Supreme Court of New Mexico.

Nov. 23, 1954.

H. O. Waggoner, Albuquerque, C. E. Waggoner, Socorro, for appellant.

Richard H. Robinson, Atty. Gen., Fred M. Standley, W. R. Kegel, Asst. Attys. Gen., for appellee.

COMPTON, Justice.

Appellant was convicted by a jury of Bernalillo County of the crime of embezzlement and from the judgment and sentence he appeals.

The statute under which the charge was brought is § 41–4522, 1941 Compilation, New Mexico Statutes Annotated. The section was originally enacted as Section 1, Chapter 70, Laws 1923. Section 2 of the Act appears as § 41–4519, 1941 Compilation. The parts of said sections material to a decision read as follows:

"Section 1. Any public official or other person holding an office under any of the laws of this State, to whom is entrusted by virtue of his office or position, or shall hereafter be entrusted, the collection, safe-keeping, receipt,

disbursement, transfer or handling in any manner whatever of any tax, revenue, fine or other moneys or property, or any person having in his possession any money or other property belonging to this State, or to any county, precinct, School District, city, town or village of this State, who shall convert to his own use in any way or manner whatever, any part of said moneys * * *. shall be guilty of embezzlement; provided, that if at any time there is a shortage in the money or property for which any of the foregoing officers or persons are accountable, the existence of such shortage shall be prima facie evidence that such officer or person has converted to his own use and embezzled such money or property to the extent of such shortage, * * *.

"Sec. 2. Any person being in the possession of the property of another, who shall convert such property to his own use, or dispose of such property in any way not authorized by the owner thereof, or by law, shall be guilty of embezzlement * * *."

The material allegations of the information may be summarized as follows: that from December 30, 1949 to July 12, 1952, appellant was County Treasurer of Valencia County and as such treasurer, was entrusted with the funds of said county in amounts considerably in excess of $60,000, for which he failed to account, and which he converted to his own use.

The venue was changed to Bernalillo County for trial and the first point made is that the court erred in changing the venue from Valencia County over appellant's objection. The district attorney filed a motion for a change of venue in which he alleged that local prejudice might be such "that it would be practically impossible to obtain a jury to try the cause in Valencia County." The appellant moved to strike the State's motion for change of venue for the reason it was not supported by an affidavit. We have two sections of the statute relating to changes of venue in civil and criminal cases, §§ 19–503 and 19–504, 1941 Compilation, which in part, read:

"19–503. Change of venue in civil and criminal cases—Grounds—Affidavits—Notice.—The venue in all cases, both civil and criminal shall be changed, upon motion, to some county free from exception * * * when the party moving for a change shall file in the case an affidavit of himself, his agent or attorney that he believes * * * by reason of public excitement or local prejudice in such county in regard to the case or the questions involved therein, an impartial jury can not be obtained in such county to try the same * * *.

"19–504. Evidence in support of application—Findings—Decision. —Upon

the filing of a motion for change of venue, the court may require evidence in support thereof, and upon hearing thereon shall make findings and either grant or overrule said motion."

Prior to a hearing upon the motion, the district attorney supported his motion by filing an affidavit alleging that because of local prejudice and public excitement in Valencia County, an impartial jury could not be obtained in said county to try the case. At a hearing upon the motion, the trial court made findings of fact as to local prejudice in Valencia County which are conclusive, absent abuse of discretion. State v. Alaniz, 55 N.M. 312, 232 P.2d 982. It would serve no beneficial purpose to review the evidence for and against the motion. Suffice it to say, we have carefully examined the testimony and, finding no abuse of discretion, the finding will not be disturbed.

It is argued that the provision making the existence of a shortage in the money or property for which public officials are accountable, prima facie evidence of embezzlement by such officials, renders the act unconstitutional and void. The argument is without force. This is not a novel statute, nor does it violate the constitutional rights of the accused. Where there is a rational connection between the facts proved and the fact presumed, and a defendant is not precluded from presenting his defense to the presumed fact, such statutes are valid. In this instance the connection is direct; the existence of a shortage in excess of $60,000 in appellant's account was conclusively proved and the presumed fact is that he converted such funds to his own use and embezzled the same. The presumption does not lessen in the slightest degree the burden required of the State to prove the material allegations of the information. It merely places upon the accused the burden of going forward with his defense, and when contrary evidence is introduced, the presumption ceases to exist. Smith v. State, 61 Okl.Cr. 427, 69 P.2d 394; State v. Brown, 178 S.C. 294, 182 S.E. 838; McDaniel v. State, 103 Fla. 529, 137 So. 702. Also see 29 C.J.S., Embezzlement, § 38.

Section 2, § 41–4519, Chapter 70, Laws 1923, was before this Court in State v. Prince, 52 N.M. 15, 189 P.2d 993. We there held section 2 of the act and a portion of section 3, the repealing clause, unconstitutional and void because the elements of entrustment and fraudulent conversion were omitted therefrom. Appellant here argues that in view of our holding in that case, section 1, § 41–4522, must likewise fall. The Prince case is distinguishable; we were not there dealing with a statute relating to embezzlement of public funds. The principle is well established in this jurisdiction that a part of a law may be invalid and yet another portion, prop-

erly separated therefrom, valid in every respect. As we interpret the 1923 Act, there were dual objectives, one of which relates to embezzlement by public officials, the other relating to embezzlement by individuals; making it evident that the invalid section can be separated from the valid part of the act and the valid part sustained. In re Gibson, 35 N.M. 550, 4 P.2d 643; Schwartz v. Town of Gallup, 22 N.M. 521, 165 P. 345; Asplund v. Alarid, 29 N.M. 129, 219 P. 786; Ex parte Bustillos, 26 N.M. 449, 194 P. 886; State v. Brooken, 19 N.M. 404, 143 P. 479, L.R.A.1915B, 213.

■■ When the cause came on for hearing in Bernalillo County, February 8, 1954, appellant first moved for a continuance, then for a change of venue because of certain articles appearing in the local newspapers concerning the case, and which articles were later made the subject of radio broadcasts. The motions allege that on account of the inflammatory and prejudicial nature of the articles, a fair and impartial jury could not be obtained in Bernalillo County to try the case. The overruling of these motions is the basis of appellant's final argument for a reversal of the judgment. There were a total of three articles published in Albuquerque immediately prior to the trial, two appearing in the Albuquerque Journal and one in the Albuquerque Tribune. In view of what is later said, it is unnecessary to extend the opinion by further reference thereto. The appeal comes up on a partial record. Proof was not offered in support of the motions; hence, the question is whether the newspaper articles and the broadcasts thereof, standing alone are sufficient proof of the existence of local prejudice as to entitle appellant to a continuance or a change of venue. The question must be answered in the negative. The mere proof that derogatory articles were published and later made the subject of news items by radio, is not proof that appellant could not obtain a fair trial in Bernalillo County. The rule is stated at 56 Am.Jur. (Venue) § 70:

"In order to attribute to newspaper publications the inculcation of a spirit of local prejudice, it has been said, there should be *some proof of actual* and *present* existence of an unfriendly sentiment traceable to the cause stated—something to indicate with a reasonable degree of directness that an adverse impression was made by the publication at the time and is still active in the minds of the people. Proof that a derogatory article was published in one of the cities of a county is not proof that a fair trial cannot be had in the county at large or that the county as a whole is prejudiced, and therefore is not sufficient proof to entitle one to a change of venue." (Emphasis ours.)

The judgment will be affirmed, and it is so ordered.

McGHEE, C. J., and SADLER, LUJAN and SEYMOUR, JJ., concur.