285 P.2d 798

STATE of New Mexico, Plaintiff-Appellee,

v.

Harry NOLAN, Defendant-Appellant.

No. 5915.

Supreme Court of New Mexico.

July 5, 1955.

H. E. Blattman, Las Vegas, for appellant.

Richard H. Robinson, Atty. Gen., Fred M. Standley, Walter R. Kegel, Asst. Attys. Gen., for appellee.

KIKER, Justice.

Appellant attacks the constitutionality of § 40-45-22, NMSA 1953, which deals with embezzlement of public funds, on the following grounds:

"* * * (a) That the statute * * fails to define embezzlement, as it does not include essential elements, viz., entrustment and fraudulent conversion and therefore violated the 14th amendment of the U. S. Constitution, is vague, uncertain, denies a person due process when charged thereunder.

"(b) The statute cannot be sustained as a reasonable exercise of police power.

"(c) That the prior embezzlement law being still in effect, the state has failed to establish a prima facie case in that neither demand nor failure to comply has been alleged or proved."

The portion of the statute material to a decision, reads as follows:

"Any public official or other person holding an office under any of the laws of this state, to whom is entrusted, by virtue of his office or position, or shall hereafter be entrusted, the collection, safekeeping, receipt, disbursement,

transfer or handling in any manner whatever of any tax, revenue, fine or other moneys or property, * * * who shall convert to his own use in any way or manner whatever, any part of said moneys or properties, * * * shall be guilty of embezzlement; Provided, that if at any time there is a shortage in the money or property for which any of the foregoing officers or persons are accountable, the existence of such shortage shall be prima facie evidence that such officer or person has converted to his own use and embezzled such money or property to the extent of such shortage, * * *.".

The jury found appellant guilty and a sentence of imprisonment for from three to four years was imposed. Pursuant to Supreme Court Rule 14, subd. 8, the case comes here on facts stipulated as follows:

"* * * 1. That Defendant, Harry Nolan, was the duly elected, qualified and acting County Treasurer of Mora County, New Mexico from the 1st day of January, 1953 to and including the 19th day of November, 1953.

"2. That an audit was made by Reindorp & Pooler, Public Accountants, and by authority and under the direction of the New Mexico State Comptroller and by the New Mexico State Comptroller's office, for the period January 1, 1953 to and including the 19th day of November, 1953.

"3. That as a result of such audit a shortage amounting to $14,162.86 was found in the accounts of said County Treasurer, and that as a result thereof the said Defendant, Harry Nolan, was suspended from office by the State Comptroller on January 5, 1954.

"4. That no formal demand for the restitution of said sum of $14,162.86 was ever made by the State Comptroller of the State of New Mexico, or by anyone acting for him, of and from the said Harry Nolan, but that the Defendant, Harry Nolan, on January 5, 1954, and thereafter, knew of the existence of the alleged shortage."

The statute in question here is Section 1 of Chapter 70 of the 1923 Session Laws. This act has suffered previous challenge as to its constitutionality and the parties to the present action argue the applicability of two recent cases. We think both cases distinguishable. Justice Compton, writing for a unanimous court in State v. Chavez, 1954, 58 N.M. 802, 805, 277 P.2d 302, 305 said:

"* * * As we interpret the 1923 Act, there were dual objectives, one of which relates to embezzlement by public officials, the other relating to embezzlement by individuals; * * *."

Appellant urges adoption in the case at bar of the principle of State v. Prince, 1948, 52 N.M. 15, 189 P.2d 993, 995. We dealt

there primarily with Section 2 of the statute, relating to embezzlement by private persons of private funds. We held a portion of Section 3, the repealing clause, invalid, and, Justice Compton writing for the majority, found Section 2 void for vagueness by reason of the statute's omission of "essential elements necessary to constitute the crime of embezzlement, viz., entrustment and fraudulent appropriation." Appellee contends that the instant case is determined by our rule in State v. Chavez, cited supra. We dealt in that case, it is true, with the same section presently challenged, i.e., Section 1 which is concerned with the embezzlement of public funds. The primary constitutional attack in the Chavez case, however, was on the Proviso. This court held constitutional the legislative making of a shortage in public moneys for which a public officer is accountable prima facie evidence of his conversion and embezzlement of the moneys to the amount of the shortage. We deal in the case at bar with Section 1 as called into question for unconstitutional uncertainty by reason of failing to include two essential elements of embezzlement: entrustment and fraudulent conversion; and as an unreasonable exercise of the police power.

■ The classic test of statutory uncertainty which has been cited often and as often paraphased was enunciated by Mr. Justice Sutherland in Connally v. General Construction Co., 1926, 269 U.S. 385 at page 391, 46 S.Ct. 126, at page 127, 70 L. Ed. 322;

"That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."

In the most recent of the six cases in which the United States Supreme Court has found a statute void for vagueness the following language was used by Mr. Justice Butler:

"No one may be required at the peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids. * * *" Lanzetta v. New Jersey, 1939, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888.

Appellant argues here that the element of entrustment is not included in the statute. The statute on its face refutes this contention; it reads:

"Any public official or other person holding an office under any of the laws of this state, *to whom is entrusted, by virtue of his office or position, or shall hereafter be entrusted,* the collection, safekeeping, receipt, disbursement, transfer or handling in any manner whatever of any tax, revenue, fine or other moneys or property * * *." (Emphasis by the court.)

The meaning of the word entrustment is apparent from the context of the statute, see Kay v. United States, 1939, 303 U.S. 1, 9, 58 S.Ct. 468, 82 L.Ed. 607; it is determinable from the subject involved, see United States v. Alford, 1927, 274 U.S. 264, 267, 47 S.Ct. 597, 71 L.Ed. 1040; see also Winters v. New York, 1948, 333 U.S. 507, 518, 68 S.Ct. 665, 92 L.Ed. 840; Screws v. United States, 1945, 325 U.S. 91, 98–100, 65 S.Ct. 1031, 89 L.Ed. 1495; Connally v. General Const. Co., cited supra, 269 U.S. at pages 391–392, 46 S.Ct. 126; Hygrade Provision Co. v. Sherman, 1925, 266 U.S. 497, 501, 45 S.Ct. 141, 69 L.Ed. 402; it is ascertainable in any adequate dictionary and is commonly known see Lanzetta v. New Jersey, cited supra, 306 U.S. at pages 453–455, 59 S.Ct. 618, and see Lloyd v. Dollison, 1904, 194 U.S. 445, 450, 24 S.Ct. 703, 48 L.Ed. 1062.

Appellant further argues that the element of fraudulent conversion is not included in the statute. The language of the statute pertinent in this regard, reads:

"Any public official or other person holding office * * * *who shall convert to his own use in any way or manner whatever,* any part of said moneys * * * shall be guilty of embezzlement; * * *." (Emphasis by the court.)

The statute, like its predecessors, does not use the phrase "fraudulently convert". Can there be a conversion to one's own use of public funds other than by fraud? We think not. We consider the element and the fact of fraud implied in the conversion to one's own use of public moneys. Thus it follows that had the legislature used the word "fraudulently" it would be mere surplusage. The statute as it stands includes the essential elements of embezzlement as set forth in State v. Prince, cited supra.

 Appellant contends that the statute involves an unreasonable exercise of police power. As defined by Mr. Justice Holmes:

"It may be said in a general way that the police power extends to all the great public needs. * * * It may be put forth in aid of what is sanctioned by usage, or held by the prevailing morality or strong and preponderant opinion to be greatly and immediately necessary to the public welfare." Noble State Bank v. Haskell, 219 U.S. 104, 111, 31 S.Ct. 186, 188, 55 L.Ed. 112.

Having determined that the legislative expression of its prohibition is clear, it is patent that the state's legitimate interest in the protection of public funds may be expressed in penal sanctions the purpose of which is "the prevention of certain manifest or anticipated evil, or the preservation of the public health, safety, morals, or general welfare." State v. Prince, cited supra, 52 N.M. at page 19, 189 P.2d at page 995.

Appellant's assignment of error "(c)" as set out in the first paragraph of this opinion, being based on the assumption of the statute's unconstitutionality, fails by reason of our contrary determination.

We conclude that the legislature had a right to make the prohibition, that it is a proper exercise of the police power, that the prohibition is so expressed that prospective defendants and the courts can, respectively, obey and enforce it, and that the legislative definition of embezzlement of public funds is complete and clear. We think that any person encompassed by the statute who has difficulty ascertaining its meaning suffers from a nebulous desire so to do rather than from a nebulous statute.

The judgment of the lower court will be affirmed, and it is so ordered.

COMPTON, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.