304 P.2d 883

**STATE of New Mexico, Plaintiff-Appellant,**

**v.**

**Stanley SMITH and Felix Hienemann, Defendants-Appellees.**

No. 6094.

Supreme Court of New Mexico.

Dec. 14, 1956.

Richard H. Robinson, Atty. Gen., Santiago E. Campos, Fred M. Standley, Asst. Attys. Gen., for appellant.

Mears & Mears, Fred J. Boone, Portales, for appellees.

SADLER, Justice.

The state appeals from an order of the district court of Roosevelt County, dismissing an information filed by the district attorney against defendants charging them with the crime of embezzling public funds of the City of Portales in said county.

Omitting the preamble of the information, it charged:

"Count One: That Stanley Smith and Felix Hienemann having in their possession $37.59 money, represented by bank checks, belonging to the City of Portales, New Mexico, fraudulently converted the same to their own use.

"Count Two: That Stanley Smith and Felix Hienemann having in their possession $49.80 money, represented by bank check, belonging to the City of Portales, New Mexico, fraudulently converted the same to their own use. "contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of New Mexico."

The order of the trial court from which the appeal is prosecuted reads as follows:

"This cause having come on for trial on December 9, 1955, the State of New Mexico having submitted evidence, and having announced, rest, and the defendants having moved to dismiss the information filed in this cause on the grounds, among others cited, that said information is invalid and void because that portion of the statute, Section 40–45–22, N.M.S.A., 1953 Compilation, under which said information was drawn is unconstitutional and void, in that same is uncertain in meaning, vague, and indefinite, and fails to define the offense of embezzlement, and the Court being fully and sufficiently advised in the premises finds that there are good and sufficient grounds in support of said motion, and that same should be sustained;

"It Is Therefore Considered, Ordered, Adjudged and Decreed that the information filed herein be dismissed.

"To all of which the State of New Mexico excepts."

When the state had introduced its evidence supporting the charge and rested, the defendants interposed a motion to dismiss the information filed on the ground following, to-wit:

" * * * That it is void and uncertain, does not contain the necessary averment to state an offense of embezzlement under the law of the State of New Mexico * * *."

Although the motion appears to have been grounded on certain stated objections to the information itself, the trial court chose not to rest its action on the infirmities, if any, in the information but

rather upon a holding that the statute under which the prosecution was initiated, or that portion relied upon, was "uncertain in meaning, vague and indefinite and fails to define the offense of embezzlement."

It was agreed at the trial that the offense charged was brought under 1953 Comp. § 40–45–22, and more especially the second portion thereof applying the act to "any person having in his possession any money or other property belonging to this state, or to any county, precinct, school district, city, town or village of this state," etc. The act in question, with the pertinent language italicized by us, reads:

"Any public official or other person holding an office under any of the laws of this state, to whom is entrusted, by virtue of his office or position, or shall hereafter be entrusted, the collection, safekeeping, receipt, disbursement, transfer or handling in any manner whatever of any tax, revenue, fine or other moneys or property, *or any person having in his possession any money or other property* belonging to this state, or to any county, precinct, school district, city, town or village of this state, *who shall convert to his own use in any way or manner whatever,* any part of said moneys or properties, or who shall loan, with or without interest, except as provided by law, any money entrusted

to his care as aforesaid, shall be guilty of embezzlement; * * *."

The foregoing statute was enacted originally as L.1923, c. 70, and contained two sections material to this appeal. It is with section one, quoted supra, that we are first concerned. Section two of the same act was before this Court in 1948 in State v. Prince, 52 N.M. 15, 189 P.2d 993, and held unconstitutional. The pertinent part of the section construed in the case just mentioned reads, as follows:

"Any person being in the possession of the property of another, who shall convert such property to his own use, or dispose of such property in any way not authorized by the owner thereof, or by law, shall be guilty of embezzlement * * *."

A reading of section one of the act mentioned, quoted above, discloses it encompasses two classes of persons. The first is described in the following portion of the act, to-wit:

" * * * any public official or other person holding an office under any of the laws of this State, to whom is entrusted by virtue of his office or position, or shall hereafter be entrusted, * * *."

The second class is made applicable to:

" * * * any person having in his possession any money or other property belonging to this State, or to any coun-

ty, precinct, School District, city, town or village of this State, * * *."

Since our decision in State v. Prince, supra, we have construed section one of the act in its application to the first class of persons embraced in it, namely, public officials or other persons holding an office under the laws of this state, and have held the statute valid and constitutional. State v. Chavez, 58 N.M. 802, 277 P.2d 302; State v. Nolan, 59 N.M. 437, 285 P.2d 798.

In State v. Chavez, supra, we were dealing with the first portion of section one of the act denouncing embezzlement by public officials of moneys entrusted to their care in an official capacity. We were concerned, chiefly, with the provisions in the first section making shortage of public moneys for which a public officer is accountable prima facie evidence of his conversion. In State v. Nolan, supra, we dealt squarely with the constitutionality of the statute insofar, at least, as public officials or other persons holding office, were concerned.

In neither case was a challenge to the validity of the act sustained. In each case a ground of distinction between it and State v. Prince was held to exist in the fact that in the Prince case the legislature was dealing with the embezzlement of private funds, whereas public funds were involved in the Chavez and Nolan cases. Of course, public moneys are involved in the case at bar.

Hence, it is argued that since there exists here what was deemed a distinguishing factor between the Prince case, on the one hand, and the Chavez and Nolan cases, on the other, the later cases should have force as authority for upholding the challenge now made to section one of the act.

It is worth-while to note the similarity in the language found in the challenged portion of section one with that to be found in section two of the same chapter involved in the Prince case. In the instant case compare the language:

"* * * or any person having in his possession any * * * (public moneys)"

with the language in section two of the same chapter involved in the Prince case:

"Any person being in the possession of the property of another * * *."

In State v. Prince, supra, the court stated the question presented for decision as follows [52 N.M. 15, 189 P.2d 995]:

"The single question for our determination is whether the statute may be sustained when it omits certain essential elements necessary to constitute the crime of embezzlement, viz., entrustment and fraudulent appropriation."

The Attorney General frankly states the dilemma confronting him in an effort to appraise our holding in the Prince case, as follows:

"However, the Appellant must frankly tell this Court that it does not know whether this Court found that the element of entrustment was not to be found in the language:

" 'Any person being in the possession of the property of another * * *'

"It is Appellant's view, from the reasoning employed in the opinion, that the holding in State v. Prince, supra, was not that the statute did not contain within it the element of entrustment, but rather that it did not contain the element of fraudulent appropriation—fraudulent or criminal intent."

He follows this with a quotation from this court's opinion in State v. Prince in which it is said:

"A penal statute should define the act necessary to constitute an offense with such certainty that a person who violates it must know that his act is criminal when he does it. *Then can it be said a person having property of another in his possession, which he believes to be his own, could possibly know that he had violated the law when he sells it or otherwise appropriates it to his own use.* But it clearly appears from reading the statutes in question, such appropriation is made a crime. Under its terms there is no defense for simple conversion, and to make an act, innocent itself, a crime,

and criminals of those who might perchance fall within its interdiction, is inconsistent with law. The statute is uncertain in its meaning, vague and indefinite." (Emphasis supplied.)

Finally, and we think correctly, the State's counsel conclude that, in the Prince case, the court was mainly influenced in viewing the questioned statute as affording the possibility that a person could be convicted thereunder of appropriating property to his use believing the same to be his own when, in fact, such property belonged to another. This was to hold, then, that a person might be convicted under the statute, as it stood, without a fraudulent or criminal intent. In other words, the absence of a requirement for *mens rea* rendered bad the portion of the act involved.

The attorney general argues that the similarity between the language wherein fraudulent appropriation was found in State v. Nolan, supra, and the same element deemed to be non-existent in State v. Prince, supra, is disturbing. This observation is not without force. Compare the language of section two of the questioned act, rejected in the Prince case:

" * * * who shall convert such property to his own use, or dispose of such property in any way not authorized by the owner thereof, or by law * * *."

with the language in section one thereof wherein the element of fraudulent appro-

priation was found in the Nolan case, to-wit:

"* * * who shall convert to his own use in any way or manner whatever, any part of said moneys or properties * * *." [59 N.M. 437, 285 P.2d 799.]

Speaking of the language just quoted from the act in State v. Nolan, supra, we said:

"Appellant further argues that the element of fraudulent conversion is not included in the statute. The language of the statute pertinent in this regard, reads:

" 'Any public official or other person holding office * * * *who shall convert to his own use in any way or manner whatever,* any part of said moneys * * * shall be guilty of embezzlement; * * *.'

"The statute, like its predecessors, does not use the phrase 'fraudulently convert'. Can there be a conversion to one's own use of public funds other than by fraud? We think not. We consider the element and the fact of fraud implied in the conversion to one's own use of public moneys. Thus it follows that had the legislature used the word 'fraudulently' it would be mere surplusage * * *."

Thus it is, we are impressed, that the holding in State v. Prince has been con-siderably whittled down by our later decisions in State v. Chavez and State v. Nolan, both supra. Nevertheless, and notwithstanding any weakening State v. Chavez and State v. Nolan, especially the latter, may impose upon the rationale of our decision in State v. Prince, supra, the ground of distinction noted between the language of the statute involved in the Prince case and that before the Court in the two later decisions persists. It becomes a valid ground for distinguishing this case from our decision in the Prince case. The distinction arises on the fact that in State v. Prince the statute involved purported to condemn and punish the embezzlement of private funds, whereas in the present case, as in State v. Chavez and State v. Nolan, both supra, the questioned act was concerned with the embezzlement of public funds.

And just as in the two last mentioned cases this difference in the statutes involved denied State v. Prince authority as a controlling precedent, likewise in the case at bar it lacks decisive effect here. On the other hand, the cases of State v. Chavez and State v. Nolan become persuasive authority against the trial court's holding the questioned act unconstitutional and void upon the grounds stated in its order of dismissal.

It follows from what has been said that the trial court erred in ruling the statute in question was unconstitutional and void

for the reasons stated in its order of dismissal and in dismissing the information filed against defendant and directing his discharge. The judgment appealed from will be reversed and the cause remanded.

It is so ordered.

COMPTON, C. J., and LUJAN, McGHEE and KIKER, JJ., concur.