487 P.2d 1347

STATE of New Mexico, Plaintiff-Appellee,

v.

Jack MOSS, Defendant-Appellant.

No. 662.

Court of Appeals of New Mexico.

July 30, 1971.

been entrusted, with fraudulent intent to deprive the owner thereof."

■ (a) Defendant contends this statutory definition is incomplete; that an additional item is required. Defendant claims the "intent to deprive" requires an intent to "permanently" deprive. He asserts the Legislature intended the larceny and embezzlement statutes to supplement one another, that an intent to deprive the owner of his property "permanently" is a requisite of larceny, see State v. Eckles, 79 N.M. 138, 441 P.2d 36 (1968), and thus an intent to "permanently" deprive is a requisite element of embezzlement.

■ State v. Prince, 52 N.M. 15, 189 P.2d 993 (1948) states that a fraudulent intent to deprive the owner of his property is one of the essential elements of embezzlement. *Prince* does not state that the intent must be to "permanently" deprive. Further, the power to define crimes is a legislative function. State v. Allen, 77 N.M. 433, 423 P.2d 867 (1967); State v. Dennis, 80 N.M. 262, 454 P.2d 276 (Ct.App. 1969). The Legislature did not include an intent to "permanently" deprive in its definition of the crime. A legislative intent to do so cannot be ascertained by comparing the embezzlement statute with the larceny statute, § 40A–16–1, N.M.S.A.1953 (Repl. Vol. 6, Supp.1969), because larceny is defined in terms of stealing, see State v. Shroyer, 49 N.M. 196, 160 P.2d 444 (1945), and comparable language is not used in the embezzlement statute.

We found no New Mexico case which defines the requisite intent under § 40A–16–7, supra. State v. Piper, 206 Kan. 190, 477 P.2d 940 (1970) and State v. Pratt, 114 Kan. 660, 220 P. 505, 34 A.L.R. 189 (1923), indicate that intent to "permanently" deprive is not a requisite element of embezzlement because the gist of the offense "* * * is the intentional misappropriation to his own use by the wrongdoer while in lawful possession. * * *" State v. Piper, supra. Similarly, § 40A–16–7, supra, requires a conversion to the wrongdoer's use with fraudulent intent to deprive the

Thomas B. Root, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of embezzlement, § 40A–16–7, N.M.S.A.1953 (Repl. Vol. 6), defendant appeals. Three of the five points raised concern the elements of embezzlement. The fourth point challenges the sufficiency of the evidence; the fifth point asserts the jury should have been instructed on the lesser offense of attempted embezzlement.

*Elements of embezzlement.*

Section 40A–16–7, supra, states in part:

"Embezzlement consists of the embezzling or converting to his own use of anything of value, with which he has

owner. This requirement does not include a requirement that the intent be to "permanently" deprive the owner. Compare § 64-9-4(a), N.M.S.A.1953 (Repl. Vol. 9, pt. 2), and State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969).

■ (b) To have violated § 40A-16-7, supra, defendant must have embezzled or converted to his own use a thing of value "with which he has been entrusted." The jury was so instructed. Defendant claims that "entrusted" was not defined. Absent a clearly expressed legislative intent requiring otherwise, "entrusted" is to be given its usual, ordinary meaning. Tafoya v. New Mexico State Police Board, 81 N.M. 710, 472 P.2d 973 (1970). The common meaning of "entrust" is to " * * * commit or surrender to another with a certain confidence regarding his care, use, or disposal. * * *" Webster's Third New International Dictionary (1966). This common meaning did not require an instruction defining it. Compare State v. Nolan, 59 N.M. 437, 285 P.2d 798 (1955).

Defendant asserts the common meaning of "entrusted" is not applicable. His requested instruction, which was refused, read:

> "For an entrustment it must be shown that the accused occupied a designated fiduciary relationship and that the property came into his possession by reason of this fiduciary relationship, employment or office."

This requested instruction appears to be taken from State v. Prince, supra. Defendant asserts the language in *Prince*, similar to that of the requested instruction, is used in a technical sense; that there must be a "fiduciary" in a legal sense, or a designated relationship of *special* trust and confidence. Here, the relationship between the owner of the property (a car) and defendant was that of prospective buyer and seller. There is evidence that defendant was allowed to "try it out;" " * * * I told him that he could drive it around the block and see if he liked it. That is about as far as that went." Defendant claims the evidence in this case fails to show he was "entrusted" with the car in any special or technical sense, and that such a special meaning of "entrusted" is applicable.

We find nothing in the language used in State v. Prince, supra, in the discussion concerning entrustment, to indicate entrustment has a special or technical meaning. The accused must occupy a designated fiduciary relationship if a statute so requires, or a general fiduciary relationship if that is all the statute requires. Further, the property must come into the accused's possession by reason of that relationship. Fiduciary, in its common meaning, is no more than holding in trust or confidence. See Webster's Third New International Dictionary, supra. Thus, State v. Prince, supra, did not impose the technical view of "entrusted" for which defendant contends. Compare State v. Peke, 70 N.M. 108, 371 P.2d 226, cert. denied 371 U.S. 924, 83 S.Ct. 293, 9 L.Ed.2d 232 (1962).

State v. Prince, supra, not having imposed a special or technical meaning to "entrusted", the rule which disposes of this contention is—that the usual, ordinary meaning of "entrusted" is applicable unless there is a clear expression of legislative intent requiring otherwise. Here, there is nothing indicating the Legislature intended other than the usual, ordinary meaning, and, thus, that meaning is applicable here. This result, in our opinion, is consistent with State v. Prince, supra.

■ (c) Defendant asserts that where the time for return of the property is indefinite, or where conversion is not established by other proof, the prosecution must prove a "demand" for return of the property before the misappropriation can amount to embezzlement. He asserts such a rule is applicable under the facts of this case. He admits that § 40A-16-7, supra, by its wording, does not impose this requirement but asserts such a requirement should be added by this court.

Disregarding the question of this court's authority to impose requirements in addition to those set by the Legislature in de-

fining the crime, defendant's position confuses an evidentiary matter with the elements of the crime. Proof of a demand and a failure to return the property may be evidence of embezzlement because such proof is material to the questions of conversion of the property and a fraudulent intent to deprive the owner of his property. Such a demand and failure to return is not an element of the crime separate from and in addition to these elements. People v. Crane, 34 Cal.App. 599, 168 P. 377 (1917).

Defendant's attack on the elements of embezzlement is without merit.

### Sufficiency of the evidence.

Defendant's attack on the sufficiency of the evidence is predicated on his contention that there must have been an intent to "permanently" deprive the owner of his property and that "entrusted" has a special or technical meaning. Having rejected defendant's viewpoint as to these two items, the basis for the attack fails, and the evidence need not be reviewed.

### Attempted embezzlement.

The trial court refused to instruct the jury on attempted embezzlement. Defendant claims this refusal was error because there was evidence justifying submission of the issue of "attempt"—that is, that the embezzlement was not consummated. See § 40A–28–1, N.M.S.A.1953 (Repl. Vol. 6). The evidence is undisputed that defendant was loaned the car and hadn't returned it more than three days later. While conflicting inferences may be drawn from the evidence as to whether he converted the car to his own use with the requisite intent, this evidence shows that defendant was either guilty of embezzlement or no crime at all. The evidence did not support an issue of "attempt." See State v. Andrada, 82 N.M. 543, 484 P.2d 763 (Ct.App.1971) and cases therein cited.

The judgment and sentence is affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.